543 So.2d 875 (1989)
William JOHNSON, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 88-1164.
District Court of Appeal of Florida, Fourth District.
May 31, 1989.
William Johnson, Belle Glade, pro se petitioner.
Lynne T. Winston, Asst. Gen. Counsel, Tallahassee, for respondent.
PER CURIAM.
This petition for writ of mandamus was filed to challenge the Florida Parole and Probation Commission's suspension of petitioner's presumptive parole release date. We dismiss the petition without prejudice to the petitioner to file for relief in the circuit court.
The Florida Supreme Court addressed the history of review of the Florida Parole and Probation Commission's actions in Griffith v. Florida Parole and Probation Commission, 485 So.2d 818 (Fla. 1986). Before 1981, presumptive parole release dates were reviewed by petition for writ of mandamus pursuant to Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974). With the enactment of the Administrative Procedure Act, Chapter 120, the legislature in 120.68 provided for appeals of final administrative action to the district courts. Section 120.52(10)(d), Florida Statutes (1981) exempted prisoners as parties for purposes of obtaining rule making administrative hearings section 120.54(16) or "substantial interest" administrative hearings section 120.57. In Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983), the act was interpreted as not precluding prisoners from seeking judicial review of final Florida Parole and Probation Commission action, pursuant to 120.68.
In 1983, the legislature amended section 120.52(10) to read: "Prisoners shall not be considered parties in any other proceedings and may not seek judicial review under s. 120.68 of any other agency action." Ch. 83-78, § 1, Laws of Fla. With this amendment, district courts were deprived of jurisdiction to consider an appeal of a PPRD. Jurisdiction in the district courts then, is only available through common law writs of mandamus for review of PPRDs. Griffith, 485 So.2d at 820. See also Wainwright v. Taylor, 476 So.2d 669 (Fla. 1985); Hall v. Wainwright, 498 So.2d 670 (Fla. 1st DCA 1986); Thomas v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983); Hansen v. Florida Parole and Probation Commission, 436 So.2d 349 (Fla. 1st DCA 1983).
Therefore, review of PPRDs set by the Florida Parole and Probation Commission are proper via the extraordinary writ of mandamus. Griffith v. Florida Parole and Probation Commission. See also Florida Parole and Probation Commission v. Dornau, 534 So.2d 789 (Fla. 1st *876 DCA 1988). However, since the circuit courts have concurrent extraordinary writs jurisdiction with the district courts, we have concluded that the circuit court is the proper forum in which to file a petition for writ of mandamus to seek review of a PPRD. See London v. Florida Parole and Probation Commission, 471 So.2d 221 (Fla. 4th DCA 1985). In doing so we rely upon the reasoning of the Florida Supreme Court in State v. Pettis, 520 So.2d 250 (Fla. 1988) that an extraordinary writ may not provide jurisdiction to the district court in a matter over which it has no jurisdiction by way of direct appeal. In the Pettis case, the extraordinary writ of certiorari was in issue. However we believe that the same reasoning applies to the extraordinary writ of mandamus. In Pettis, the Florida Supreme Court agreed with the Second District Court of Appeal in State v. Wilson, 483 So.2d 23 (Fla. 2d DCA 1985) in its rationale that the extraordinary writ of common law certiorari cannot be used to "obtain appellate review of an order that is only reviewable, if at all, by direct appeal." In other words, since the legislature has specifically abolished a prisoner's right to appeal a PPRD in the district courts of appeal in chapter 120.52(10), the petitioner should not be allowed to seek by extraordinary relief what is not available by right of appeal. This does not leave the petitioner without remedy, since the circuit court has jurisdiction over petitions for writ of mandamus. It does not even deprive him of his right of appeal, since the denial of a petition for writ of mandamus at the circuit court level is properly reviewed by appeal in the district court pursuant to the Florida Rules of Appellate Procedure.
For these reasons, we dismiss the petition for writ of mandamus, without prejudice to the petitioner to file for the same relief in the circuit court having jurisdiction over his place of incarceration.
HERSEY, C.J., and ANSTEAD and STONE, JJ., concur.