615 So.2d 798 (1993)
James JONES, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 92-1483.
District Court of Appeal of Florida, First District.
March 16, 1993.
James Jones, pro se.
Ernest Reddick, Tallahassee, for appellee.

ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
Appellant is a prisoner presently confined in Sumter Correctional Institution. Prison officials charged appellant with possession of a weapon. A disciplinary hearing was held and appellant was found guilty. As a penalty, he lost 60 days of gain-time. His administrative appeal was denied by the Secretary of the Department of Corrections. He filed a notice of appeal seeking review of the Secretary's order of denial. Appellee moves to dismiss arguing that appellant cannot seek review of that order in this court. We agree and dismiss this appeal.
We write because of this recurring jurisdictional issue. Section 120.52(12)(d), Florida Statutes, limits the types of proceedings to which a prisoner may be a party and from which prisoners may appeal pursuant to section 120.68. Chapter 92-166, Laws of Florida, has recently amended section 120.52(12)(d) so that section now states in part:
Prisoners as defined in s. 944.02(5) may obtain or participate in proceedings under s. 120.54(3) or (5). Prisoners shall not be considered parties in any other proceedings and may not seek judicial review under s. 120.68 of any other agency action. Parolees shall not be considered parties for purposes of agency action or judicial review when the proceedings relate to the rescission or revocation of parole.
Accordingly, unless a prisoner is proceeding under section 120.54(3) or (5), a prisoner may not seek direct judicial review in this court. See Endress v. Florida Department of Corrections, 612 So.2d 645 (1993). The appropriate remedy to seek review of an order denying an administrative appeal of a disciplinary report is by petition for extraordinary relief in the circuit court pursuant to Rule 1.630, Florida Rules of Civil Procedure. Cf. Parole and Probation Comm'n v. Fuller, 491 So.2d 275 (Fla. 1986) and Griffith v. Florida Parole and Probation Comm'n, 485 So.2d 818 (Fla. 1986). If the petition is denied, petitioner may then seek review of the final order of the circuit court pursuant to Rule 9.110, Florida Rules of Appellate Procedure. Accordingly, the motion to dismiss is granted without prejudice to appellant's right to proceed in the circuit court. This appeal is hereby dismissed.
MOTION GRANTED, APPEAL DISMISSED.
JOANOS, C.J., and WIGGINTON and WOLF, JJ., concur.