703 So.2d 1202 (1997)
Robert P. SHELEY, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 97-1659.
District Court of Appeal of Florida, First District.
December 31, 1997.
*1204 Robert P. Sheley, pro se, Appellant.
William L. Camper, General Counsel, and Kim M. Fluharty, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Appellee.

CRIMINAL DIVISION EN BANC
PADOVANO, Judge.
Robert P. Sheley, an inmate serving a life sentence for armed robbery, petitioned the circuit court for a writ of mandamus to review an order of the Florida Parole Commission suspending his presumptive parole release date. The circuit court denied the petition on the ground that the Commission's action was supported by the evidence, and the inmate appealed to this court. We treat the appeal as a petition for writ of certiorari and, finding no departure from the essential requirements of law, we deny relief.
The Parole Commission entered an order on July 16, 1996, suspending inmate Sheley's presumptive parole release date and declining to authorize an effective parole release date. In support of the order, the Commission cited the inmate's lengthy criminal history and the facts of some of his prior offenses. These offenses included escapes and escape attempts as well as armed attacks on law enforcement and corrections personnel. The Commission also expressed serious concerns about the inmate's mental health evaluation. Based on this evidence, the Commission concluded that the inmate's "release on parole would not be compatible with his welfare or the welfare of society."
This order became the subject of the inmate's petition for writ of mandamus in the circuit court. There he argued that the Commission was in error as to certain facts relating to the prior convictions, and that the Commission had failed to note an intervening mental health evaluation which contained more positive information. The circuit court issued an order to show cause, and the Commission filed a response containing the records considered in the administrative hearing. Following the submission of the response, the circuit court denied the petition for writ of mandamus. The court found that "there is ample evidence to support the Commission's decision declining to authorize the [inmate's] effective parole release date."
The inmate filed a timely appeal from the order of the circuit court, but in our view an appeal was not the correct remedy. Because the order was entered in a review proceeding in the circuit court, subsequent relief is available in this court only by the more limited remedy of certiorari. Rule 9.040(c) of the Florida Rules of Appellate Procedure states in material part that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought." See, e.g., Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989)(appeal treated as certiorari); Skinner v. Skinner, 561 So.2d 260 (Fla.1990)(certiorari treated as appeal). Based on the authority granted by rule 9.040(c), we treat the appeal in the present case as a petition for writ of certiorari.
We acknowledge that if mandamus is used to initiate a new civil action in the circuit court, the resulting final order is subject to review by appeal. Mandamus is an action at law, See State ex rel Mott v. Scofield, 120 So.2d 825 (Fla. 2d DCA 1960), and, as with other actions at law, a final judgment on a complaint for writ of mandamus is reviewable by appeal. See, e.g., Warren v. State ex rel Four Forty, Inc., 76 So.2d 485 (Fla.1954); City of Miami Beach v. State ex rel Pickin' Chicken of Lincoln Road, Inc., 129 So.2d 696 (Fla. 3d DCA 1961); Conner v. Mid-Florida Growers Inc., 541 So.2d 1252 (Fla. 2d DCA 1989). These principles cannot be applied in the present case, however, because the petition for writ of mandamus was filed in the circuit court as an appellate remedy *1205 to review quasi-judicial action of a lower tribunal.
Rule 9.030(b)(2) of the Florida Rules of Appellate Procedure provides that the district courts of appeal shall have jurisdiction to issue writs of certiorari to review (A) nonfinal orders of lower tribunals other than as prescribed in rule 9.130, and (B) final orders of circuit courts acting in their review capacity. When the circuit court denies a petition for writ of mandamus to challenge the decision of an administrative agency such as the Parole Commission, the court is plainly acting in its "review capacity." Therefore, the order of the circuit court is reviewable in the district court by certiorari under rule 9.030(b)(2)(B), and not by a subsequent plenary appeal on the merits of the case.
Although the Florida Parole Commission is an administrative agency, a special provision of the Administrative Procedure Act exempts inmate orders from review by appeal. Final agency action is ordinarily subject to review by appeal to the appropriate district court of appeal under the provisions of section 120.68(2), Florida Statutes. Section 120.81(3)(a), Florida Statutes, creates the following exception to the rule: "prisoners, as defined by s. 944.02(5), shall not be considered parties in any proceedings other than those under s. 120.54(3)(c) or (7) and may not seek judicial review under s. 120.68."[1]See also Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983).
Mandamus has become the accepted remedy for the review of a Parole Commission order in the absence of a statutory right to appeal. The supreme court held in Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.1974), that mandamus is available to compel proper consideration of a claim for parole. With the advent of the Administrative Procedure Act, an inmate could seek review by appeal. When the legislature eliminated this right, the supreme court explained in Griffith v. Florida Parole and Probation Commission, 485 So.2d 818 (Fla.1986), that review of Parole Commission orders was still available by mandamus or habeas corpus.[2]See also Florida Parole and Probation Commission v. Dornau, 534 So.2d 789 (Fla. 1st DCA 1988). The district courts of appeal subsequently decided that a petition for writ of mandamus seeking review of a Parole Commission order should be directed to the circuit court. See Johnson v. Florida Parole and Probation Commission, 543 So.2d 875 (Fla. 4th DCA 1989); see also Jones v. Department of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993). Under the current practice then, a petition for writ of mandamus in the circuit court takes the place of an appeal.
Our system of appellate review was not designed to allow an inmate the right to review a Parole Commission Order by mandamus in the circuit court and then a second opportunity for review on the merits by appeal to the district court of appeal. This point is illustrated by analogy to cases in which an extraordinary writ petition is filed in the circuit court to review an order of the county court. For example, in State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993), the defendant filed a petition for writ of prohibition in the circuit court to contest the disposition of a speedy trial motion in the county court. When the petition was denied in the circuit court, the defendant appealed. The district court treated the appeal as a petition for writ of certiorari.
*1206 Likewise, the proper appellate remedy in this case can also be shown by analogy to the rules governing secondary appellate review of local administrative action. A local administrative order is reviewable by appeal to the circuit court under Article V, section 5(b) of the Florida Constitution, when prescribed by general law, or by certiorari to the circuit court in the absence of a general law. See G-W Development Corp. v. Village of North Palm Beach Zoning Board of Adjustment, 317 So.2d 828 (Fla. 4th DCA 1975). Regardless of the remedy, the review on the first level is on the merits. See Cherokee Crushed Stone v. City of Miramar, 421 So.2d 684 (Fla. 4th DCA 1982); Tomeu v. Palm Beach County, 430 So.2d 601 (Fla. 4th DCA 1983). As the court explained in Cherokee Crushed Stone, the first level of review, though initiated by a petition for writ of certiorari, is more like a plenary appeal on the merits.
When the circuit court reviews a local administrative decision by appeal or by certiorari, subsequent review in the district court is available by certiorari under a more restrictive standard of review. On the second level of review in the district court the issue is limited to a determination whether the circuit court afforded due process and whether the court observed the essential requirements of law. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Education Development Center, Inc., v. City of West Palm Beach Zoning Board of Appeals, 541 So.2d 106 (Fla.1989). As the supreme court explained in Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995), this standard is essentially the same as the general standard that applies under Combs v. State, 436 So.2d 93 (Fla. 1983), when certiorari is used to review any other appellate decision of the circuit court. The standard as expressed in Combs is whether the decision of the circuit court was a departure from the essential requirements of law resulting in a miscarriage of justice.
In the present case we apply the same principles that apply to the second-tier review of a local administrative decision. The inmate has already been afforded the right to review the Commission's action on the merits by filing a petition for writ of mandamus in the circuit court. It would be illogical to provide the inmate a second opportunity for review on the merits by allowing a plenary appeal from the circuit court order. For these reasons, we treat the appeal as a petition for writ of certiorari and we review the case by the limited standard that applies when certiorari is used to review a prior appellate decision.
We have previously held that final orders in mandamus actions against the Parole Commission are reviewable by appeal. See Williams v. Florida Parole Commission, 625 So.2d 926 (Fla. 1st DCA), rev. denied, 637 So.2d 236 (Fla.1994); see, e.g., Winchip v. Florida Parole Commission, 691 So.2d 44 (Fla. 1st DCA 1997); Bush v. Florida Parole Commission, 694 So.2d 872 (Fla. 1st DCA 1997). We continue to hold that a final order on a complaint for writ of mandamus is reviewable by appeal. However, we recede from our decisions to the extent that they hold that an inmate can obtain a second appeal in the district court when mandamus is used as an appellate remedy in the circuit court, and certify conflict with the Fourth District Court of Appeal in Johnson v. Florida Parole and Probation Commission. As we have said, a final order in such a case is reviewable only by certiorari.
As for the substantive issue presented on review, we conclude that relief should be denied. There has been no showing that the circuit court failed to afford the inmate due process of law or that the court departed from the essential requirements of the law. The court properly fulfilled its appellate function in reviewing the sufficiency of the evidence supporting the Commission's administrative decision to suspend the inmate's presumptive parole release date.
Certiorari denied.
MINER, ALLEN, WEBSTER, MICKLE and LAWRENCE, JJ., concur.
NOTES
[1] The reference in the text is to the 1996 revision of the Administrative Procedure Act. § 120.81(3)(a) Fla.Stat. (1996). At the time of the order in the present case, this provision was included in the definitions section of the Act in substantially the same language. See § 120.52(12)(d) Fla.Stat. (1995).
[2] In retrospect it appears to us that certiorari might have been a more appropriate remedy, at least for those cases in which the inmate is challenging the merits of the Parole Commission's order. Mandamus is now used not only to review the merits of a Parole Commission orderan application well beyond its limited functionbut also as a preliminary step to an appeal. We do not think the supreme court intended to approve of such an expansive use of the writ of mandamus. But the decisions of the court in Moore and Griffith, nevertheless, stand for the proposition that mandamus is the proper remedy and we are not at liberty to hold otherwise. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).