720 So.2d 216 (1998)
Robert P. SHELEY, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 92260.
Supreme Court of Florida.
October 22, 1998.
Robert P. Sheley, Calipatria, CA, Petitioner, pro se.
William L. Camper, General Counsel, and Kim M. Fluharty, Assistant General Counsel, Tallahassee, for Respondent.
SHAW, Justice.
We have for review Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), wherein the district court certified conflict with Johnson v. Florida Parole & Probation Commission, 543 So.2d 875 (Fla. 4th DCA 1989). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve Sheley as explained below.
The relevant facts are set forth in the district court opinion under review:

*217 The Parole Commission entered an order on July 16, 1996, suspending inmate Sheley's presumptive parole release date and declining to authorize an effective parole release date. In support of the order, the Commission cited the inmate's lengthy criminal history and the facts of some of his prior offenses. These offenses included escapes and escape attempts as well as armed attacks on law enforcement and corrections personnel. The Commission also expressed serious concerns about the inmate's mental health evaluation. Based on this evidence, the Commission concluded that the inmate's "release on parole would not be compatible with his welfare or the welfare of society."
This order became the subject of the inmate's petition for writ of mandamus in the circuit court. There he argued that the Commission was in error as to certain facts relating to the prior convictions, and that the Commission had failed to note an intervening mental health evaluation which contained more positive information. The circuit court issued an order to show cause, and the Commission filed a response containing the records considered in the administrative hearing. Following the submission of the response, the circuit court denied the petition for writ of mandamus. The court found that "there is ample evidence to support the Commission's decision declining to authorize the [inmate's] effective parole release date."
Sheley, 703 So.2d at 1204. Sheley appealed the circuit court order and the district court treated the appeal as a petition for writ of certiorari and denied the petition.
Sheley claims that the district court erred in treating his appeal as a petition for writ of certiorari. He contends that he was entitled to a full review on the merits of his claim rather than a review under the more restrictive standard that applies to petitions for writ of certiorari. We disagree.
Mandamus is an accepted remedy for reviewing an order of the Florida Parole Commission. Griffith v. Florida Parole and Probation Comm'n, 485 So.2d 818 (Fla.1986). Such petitions are properly directed to the circuit courts. Jones v. Florida Dep't of Corrections, 615 So.2d 798 (Fla. 1st DCA 1993). A circuit court order denying relief is reviewable in the district court by certiorari pursuant to Florida Rule of Appellate Procedure 9.030, which provides in relevant part:
(2) Certiorari Jurisdiction.[] The certiorari jurisdiction of district courts of appeal may be sought to review
....
(B) final orders of circuit courts acting in their review capacity.
Fla. R.App. P. 9.030(b)(2).
The district court in the present case concluded that once an inmate has had a full review of a Parole Commission order in the circuit court, he or she is unentitled to a second full bite at the apple in the district court:
The inmate has already been afforded the right to review the Commission's action on the merits by filing a petition for writ of mandamus in the circuit court. It would be illogical to provide the inmate a second opportunity for review on the merits by allowing a plenary appeal from the circuit court order. For these reasons, we treat the appeal as a petition for writ of certiorari and we review the case by the limited standard that applies when certiorari is used to review a prior appellate decision.
Sheley, 703 So.2d at 1206. The district court drew an analogy to two lines of cases: (1) those cases wherein a defendant files a petition for an extraordinary writ in circuit court to review an order of the county court;[1] and (2) those cases governing secondary appellate review of local administrative action.[2] In both lines of cases, the petitioner is unentitled to a second plenary appeal on the merits.
We agree with the district court's reasoning and find its analogies apt. Sheley, we note, cites no statute or rule that would provide authority for a second plenary appeal of a Parole Commission order in the district court, nor does he advance any sound policy reason for formulating such a practice. Further, the district court in the present case reviewed Sheley's petition and determined that "[t]here has been no showing that the *218 circuit court failed to afford the inmate due process of law or that the court departed from the essential requirements of the law." Sheley, 703 So.2d at 1206. We find that Sheley has been afforded extensive judicial review of his claim and has been deprived of no rights.
Based on the foregoing, we hold that once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court. We approve the result in Sheley on this issue and disapprove language in Johnson that is inconsistent with our decision.
It is so ordered.
HARDING, C.J., and OVERTON, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] See, e.g., State v. Frazee, 617 So.2d 350 (Fla. 4th DCA 1993).
[2] See, e.g., City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).