DAUKSCH, J.
Appellant Kevin Brown appeals the order denying his petition for writ of habe-as corpus. On the authority of Sheley v. Florida Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997), aff'd and approved, 720 So.2d 216 (Fla.1998), we treat the appeal as a petition for writ of certiorari and, finding no departure from the essential requirements of the law below, deny the petition.
Brown was originally sentenced to 12.5 years imprisonment on multiple drug violations and ultimately released on control release in 1994. He agreed to several conditions on release, including random urinalysis testing and enrollment in a substance abuse program. By 1998, Brown had failed several random drug tests and been arrested for driving with a suspended license. In the resulting revocation hearing, the Florida Parole Commission concluded that Brown had violated the terms of his release and ordered that he be returned to prison.
Brown then petitioned for a writ of ha-beas corpus in circuit court, arguing that the Commission’s actions were illegal because his violations had been independently remedied through an agreement with his control release officer, and that the order violated the Americans with Disabilities Act. The circuit court denied the writ, ruling that Brown’s “claim is not credible and that by law [he] is not entitled to the extraordinary judicial relief of habeas corpus.” The court noted that Brown “admitted his guilt at his violation hearing [and] did not raise the claims made in his Petition ... at his hearing below, thus waiving any such defenses and failing to preserve such for judicial review.” Brown then appealed to this court, and the State responded with a motion to dismiss the appeal noting the Florida Supreme Court’s recent ruling in Sheley. We agree that Sheley operates to preclude Brown from gaining a second plenary review of the Commission’s order and instead imposes the narrower standard reserved for certio-rari review.
In Sheley, the appellant/inmate challenged a Commission order suspending his parole release date by petitioning the circuit court for a writ of mandamus. The circuit court denied the petition and the inmate appealed. In a novel ruling, the First District treated the appeal as a petition for writ of certiorari, holding that “[b]ecause the order was entered in a review proceeding in the circuit court, subsequent relief is available in this court only by the more limited remedy of certiorari.” Id. at 1204 (emphasis added). The court began its analysis by acknowledging that “if mandamus is used to initiate a new civil action in the circuit court, the resulting final order is subject to review by appeal.” Id. (emphasis added). The court concluded, though, that “[t]hese principles cannot be applied in the present case, however, because the petition for unit of mandamus was filed in the circuit court as an appellate remedy to review quasi judicial action of a lower tribunal.” Id. at 1204-05. The opinion continued, in relevant part, as follows:
When the circuit court denies a petition for writ of mandamus to challenge the decision of an administrative agency such as the Parole Commission, the court is plainly acting in its “review capacity.” Therefore, the order of the circuit court is reviewable in the district court by certiorari under rule 9.030(b)(2)(B), and not by a subsequent plenary appeal on the merits.
[[Image here]]
Our system of appellate review was not designed to allow an inmate the right to review a Parole Commission order by mandamus in the circuit court and then a second opportunity for review on the merits by appeal to the district court of appeal.
*502 sfc * * * * * *
In the present case we apply the same principles that apply to the second-tier review of a local administrative decision. The inmate has already been afforded the right to review the Commission’s action on the merits by filing a petition for writ of mandamus in the circuit court. It would be illogical to provide the inmate a second opportunity for review on the merits by allowing a plenary appeal from the circuit court order. For these reasons, we treat the appeal as a petition for writ of certiorari and we review the case by the limited standard that applies when certiorari is used to review a prior appellate decision.
Id. at 1205-06. The court went on to certify conflict with the Fourth District and the case proceeded to the supreme court.
The supreme court affirmed, holding that “once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court.” Sheley, 720 So.2d at 218. In the short time since Sheley, Florida’s courts of appeal have regularly treated as petitions for writ of certiorari all appeals of denied petitions for writ of mandamus and habeas corpus challenging Commission rulings. See Doss v. Florida Dep’t of Corrections, 730 So.2d 316 (Fla. 4th DCA 1999)(petition for writ of mandamus); Hickman v. Florida Parole Comm’n, 724 So.2d 197 (Fla. 4th DCA 1999)(petition for writ of habeas corpus); Spencer v. Singletary, 718 So.2d 1289 (Fla. 1st DCA 1998)(habeas corpus); Bell v. Florida Parole Comm’n, 710 So.2d 1049 (Fla. 1st DCA 1998)(habeas corpus).
In the instant appeal, Brown petitioned for a writ of habeas corpus in the circuit court seeking plenary review of the Commission order. The court reviewed the record and chose to disbelieve Brown’s claim of having made an agreement with his supervising officer to resolve the drug violations. The circuit court also determined that Brown had waived certain arguments and defenses “for judicial review ” by failing to raise them before the Commission, and concluded that “the Commission did not abuse its discretion.” These factors indicate that the circuit court below acted as an appellate court and fully reviewed the Commission’s ruling, thereby precluding Brown from pursuing a second plenary appeal before this court. We accordingly treat his appeal as a petition for writ of certiorari and, finding no indication in the record that the court below departed from the essential requirements of the law, deny certiorari.
CERTIORARI DENIED.
COBB and HARRIS, JJ., concur.