LAWRENCE, J.,
dissenting.
Keith Bruno (Bruno) appeals a September 11, 1998 order denying his petition for writ of habeas corpus. Bruno here challenges the revocation of his control release supervision. Our review is pursuant to Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). The applicable standard of review when an inmate appeals a decision of an administrative agency to the circuit court and then makes a secondary appeal to a district court is “whether the decision of the circuit court was a departure from the essential requirements of law resulting in a miscarriage of justice.” Sheley, 703 So.2d at 1206.
The facts of Bruno’s case shed light on the order under review. Bruno was convicted of manslaughter in Broward County in December 1989, in connection with the shotgun killing of one Randel Meade; he was sentenced to prison for twelve years. Bruno, due to prison overcrowding, was released to control release supervision in March 1992. He was arrested in October 1992, for DUI and possession of a controlled substance; he was adjudicated guilty of the former, adjudication was withheld on the latter, and he was sentenced to a year community control, with the special condition that he attend drug treatment at Turning Point for six months. Bruno was charged in October 1993 with changing his residence without permission and absconding from supervision. A hearing resulted in evidence that Bruno was informed that although he was released *572 from the drug treatment program by court order as a condition of community control, the condition nevertheless was one of control release, despite the community control order. The parole commission thus found that Bruno violated control release, and issued an order to that effect on October 3, 1995. Bruno filed his habeas corpus petition in February 1998, in response to the 1995 order revoking control release.
The order denying Bruno’s habeas corpus petition states:
[T]he Court finds that the pleadings show that [Bruno] is challenging the [Florida Parole] Commission’s decision to revoke his control release supervision for changing his residence without permission by leaving the Turning Point Residential Program without first securing the permission of his control release officer. The Court finds that although completion of the program was deleted as a special condition of [Bruno’s] 1 year community control, upon expiration of his community control [Bruno] again was subject to conditions of his control release, one of which was completion of the program. When [Bruno] left the residential program without prior permission of his control release officer, he was properly charged with violating his control release.
[Bruno] has failed to demonstrate that the parole commission abused its discretion in relying on the administrative hearing examiner’s finding of fact to revoke his control release supervision.
Bruno argues that the revocation of his supervision was vindictive and that a judge released him from the drug-treatment requirement of community control that was the basis for revocation of supervision. Bruno further argues that he did not know he would have to complete drug-treatment as an agency condition despite the judge’s order, and argues that the agency imposed the requirement at the wrong time.
Bruno in other words argues what he knew, when he knew it, and when the agency did what it did. Bruno however had two prior opportunities to argue these factual matters; these matters were resolved against Bruno below. Bruno fails to show a departure from the essential requirements of law resulting in a miscarriage of justice. Bruno, in my view, thus fails to show entitlement to the extraordinary writ. Sheley. I would deny the petition.