PER CURIAM.
On May 11, 1990, appellant pled guilty to second degree murder, grand-theft; and attempted robbery. He was sentenced to life imprisonment.
In June, 1999, he filed for post-conviction relief, arguing that his negotiated plea provided for a non-guidelines sentence that would make him eligible for parole. The plea colloquy attached to the motion demonstrates that the court recognized that the sentence was being designated a pre-guidelines sentence, and that defense counsel stated that appellant was being “sentenced under the old system eligible for parole.” On January 6, 1999, the Department of Corrections informed appellant that he was parole ineligible.
Appellant’s post-conviction relief motion is not ripe at this time. Before trying to set aside his plea, appellant must litigate the correctness of the Department’s determination that he is ineligible for parole. Appellant has not yet demonstrated that he will be unable to get the benefit of the plea bargain, that the Department is correct in its determination that he is parole ineligible. He must first seek relief through administrative channels and, if unsuccessful, through a petition for mandamus to the circuit court. See Johnson v. Florida Parole & Probation Comm’n, 543 So.2d 875 (Fla. 4th DCA 1989), disapproved on other grounds, Sheley v. Florida Parole Comm’n, 720 So.2d 216 (Fla.1998).
As to appellant’s motion to correct sentence, we agree with the state that the sentence was not illegal under either Rule 3.850 or 3.800(a).
GROSS and TAYLOR, JJ., concur.
WARNER, C.J., dissenting with opinion.