COPE, J.
We treat the appeal of Charles W. Sanders as a petition for writ of certiorari, and deny it.
Defendant/petitioner Sanders was convicted in 1972 of a forcible rape of a ten-year-old girl, a capital felony, see § 794.01, Fla. Stat. (1971), and was sentenced to life imprisonment. Under the laws in effect at that time, this is a parole-eligible sentence.
Several years later the legislature enacted the Objective Parole Guidelines Act of 1978. See § 947.001, Fla. Stat. (Supp. 1978); ch. 78-417, § 2, Laws of Fla. The Parole Commission adopted administrative guidelines and under those guidelines granted defendant a presumptive parole release date of 1987. Subsequently the Commission suspended the presumptive parole release date, the latest suspension coming in June of 1998.
In 1999, defendant filed a petition for writ of habeas corpus in the circuit court, contending that he is entitled to have an effective parole release date set. See § 947.1745, Fla. Stat. (1997). The petition for writ of habeas corpus should have been a petition for writ of mandamus, see Sheley v. Florida Parole Comm’n, 720 So.2d 216, 217 (Fla.1998), and we treat the proceeding as if the correct writ had been requested.
The trial court denied the petition on the merits, and defendant filed this appeal. The Florida Supreme Court has held that review in this circumstance should be by petition for writ of certiorari, see id. at 217-18, so we treat the defendant’s appeal as a petition for writ of certiorari. See Fla. R.App. P. 9.040(c).
Defendant contends that the Commission has not properly interpreted the applicable statutes and that he is entitled to have an effective parole release date set. We disagree. “[Although the Commission is required by law to develop and has developed and implemented objective parole guidelines as criteria upon which to base its parole decisions, chapter 947 leaves the ultimate parole decision to the discretion of the Commission guided by its rules.” Florida Parole and Probation Comm’n v. Paige, 462 So.2d 817, 820 (Fla.1985). The Commission’s suspension order is based on that part of section 947.18, Florida Statutes (1971), which states: “No person shall be placed on parole until and unless the commission shall find that there is reasonable probability that, if he is placed on parole, he will live and conduct himself as a respectable and law abiding person, and that his release will be compatible with his own welfare and the welfare of society.” The Commission’s order denying parole is within the discretion given to the Commission by this statute.
Defendant also contends that Florida statutory enactments subsequent to the date of his crime have been applied to him in a way which violates the prohibition on ex post facto laws. See U.S. Const. Art. I, § 10; Fla. Const. Art. I, § 10. We disagree. The just-quoted portion of the parole statute has remained unchanged from the date of defendant’s crime to the present. See § 947.18, Fla. Stat. (1971).* *238 “When he committed his offense, petitioner was on fair notice that, if convicted, he would be held in prison solely at the discretion of the Parole Commission. He remains incarcerated at the Commission’s sole discretion.” Paschal v. Wainwright, 738 F.2d 1173, 1180 n. 10 (11th Cir.1984).
Certiorari denied.

 The record is not entirely clear on the date of defendant’s crime. The copy of the information supplied by the Parole Commission gives a crime date of November 27, 1972, but the information bears a filing stamp of July 24, 1972 and a 1971 case number. At conviction *238 in December of 1972, the defendant was given credit for thirteen months of time served. The crime date therefore was apparently 1971, but the applicable statutory provisions were the same in both years.