784 So.2d 1183 (2001)
Marlon VEREEN, Appellant,
v.
STATE of Florida, et al., Appellees.
No. 5D00-116.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
*1184 Marlon Vereen, Lowell, pro se.
Robert A. Butterworth, Attorney General, and Kim M. Fluharty, Assistant Attorney General, Tallahassee, for Appellee, State of Florida.
Judy Bone, Assistant General Counsel, Tallahassee, for Appellee, Department of Corrections.
THOMPSON, C.J.
Marlon Vereen appeals the order denying his petition for writ of habeas corpus. On the authority of Brown v. State, 738 So.2d 500, 501(Fla. 5th DCA 1999)(citing Sheley v. Florida Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), aff'd, 720 So.2d 216 (Fla.1998)), we treat this appeal as a petition for writ of certiorari. Finding that the trial court afforded due process and did not depart from the essential requirements of the law, we deny the petition.
Vereen previously had an earlier petition for writ of habeas corpus denied by the Florida Supreme Court. In denying that petition, the Court stated: "Our denial in this case is without prejudice to raise the new retaliation claims in the appropriate circuit court after exhausting any administrative remedies the Petitioner may have." Vereen v. Singletary, 718 So.2d 1235 (Fla.1998) (unpublished order).
These "new retaliation claims" raised in that litigation were the basis for the petition for habeas corpus reviewed by the lower tribunal in the instant case. There can be no question that due process was affordedVereen filed his petition, the trial court ordered the appellees to show cause why Vereen's petition should not be granted, and the appellees responded. Vereen replied to those responses and the trial court denied the petition, implicitly determining that Vereen's immediate release was not appropriate or legal.
The only question left is whether the trial court followed the essential requirements of law in denying Vereen's petition. Vereen suggested below that the Department of Corrections (DOC) eliminated 330 days of gaintime in retaliation for his having filed the earlier petition for writ of habeas corpus at the supreme court. The record reveals, however, that Vereen had lost 360 days of gain time stemming from a July 6, 1997, disciplinary report. Due to a record-keeping error, only 30 days were deducted for that incident within DOC initially[1]; later, while *1185 preparing a response to the supreme court petition, the DOC discovered the error and rectified it. Vereen submitted no authority below holding that the DOC may not correct administrative errors in determining release dates for prisoners. The trial court did not depart from the essential requirements of law in its conclusion as to this point.
The other argument advanced by Vereen below concerned 810 days of over-crowding-type credits the DOC also canceled subsequent to his filing his petition for writ of habeas corpus with the supreme court. Vereen does not put forward any evidence that those days were deducted for retaliatory reasons, and the law Vereen relies on concerns the ex post facto clause. Unfortunately for Vereen, he waived any ex post facto claims when he agreed to control release. See Wilson v. Moore and Florida Parole Commission, 782 So.2d 865 (Fla.2001). Thus, no departure from the essential requirements of law may be shown on this point, either.
PETITION FOR WRIT OF CERTIORARI DENIED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] Vereen did not suggest below that this mistake was not made; he simply contends that the error should work in his favor permanently.