884 So.2d 442 (2004)
Marvin C. GILL, Petitioner,
v.
James V. CROSBY, Jr., Secretary, Department of Corrections, Respondent.
No. 1D03-5136.
District Court of Appeal of Florida, First District.
October 1, 2004.
Marvin C. Gill, pro se, petitioner.
Charlie Crist, Attorney General, and Carrie R. McNair, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Marvin C. Gill petitions this court for a writ of certiorari to review an order of the Circuit Court for Leon County which denied his petition for writ of mandamus. In the mandamus petition, he raised several challenges to the imposition of a disciplinary sanction by the Department of Corrections against him after a hearing. We have jurisdiction in accordance with Sheley v. Florida Parole Commission, 720 So.2d 216 (Fla.1998). We conclude that one of his challenges has merit and that mandamus *443 should have been granted by the circuit court.
A disciplinary report was served on Gill which charged him with violating code 0062, "disobey regulations." The text of the report described a document discovered by an inspector containing minutes of a corporate stockholder meeting supposedly conducted by Gill, the corporation's majority stockholder, at the correctional institution. After the hearing, the disciplinary team convicted Gill of violating FAC Rule 33-602.205(9), which prohibits an inmate from conducting business through the use of the telephone or other avenue of communication during his or her incarceration.
Gill contends, and we agree, that the disciplinary report served on him did not comply with Rule 33-601.304(2)(a) and (b), which requires a description of the violation, including date, time, and place, and the specific rules violated. In another context, we granted relief where a disciplinary report did not conform to Rule 33-601.304(2)(e), relating to the identification of staff witnesses with knowledge of the incident. See Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000). Due process in an inmate discipline proceeding requires, among other things, advance notice of the charge. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
Further, there may be a question whether the mere existence of the minutes, without evidence that they were the result of communication with others or that they were later transmitted to others, establishes a violation of Rule 33-601.205(9). We find it unnecessary to reach this issue, however, in light of our granting of relief on the issue of inadequate notice of the charges. We are also unpersuaded by the department's argument that Gill was not prejudiced by the defects in the disciplinary report. The disputes that arose regarding Gill's requested witnesses for the hearing, which we also do not address on the merits because of our disposition, demonstrate that prejudice did occur.
In light of the above, we grant the petition for writ of certiorari and remand to the circuit court with directions to grant the petition for writ of mandamus.
PETITION FOR WRIT OF CERTIORARI GRANTED.
KAHN, WEBSTER and POLSTON, JJ., concur.