943 So.2d 861 (2006)
David CASON, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-1922.
District Court of Appeal of Florida, First District.
November 15, 2006.
Rehearing Denied December 21, 2006.
*862 David Cason, pro se, for Petitioner.
Charlie J. Crist, Jr., Attorney General, Sean F. Callaghan, Assistant Attorney General, Tallahassee, for Respondent.
HAWKES, J.
A circuit court's ruling on a petition for writ of mandamus is reviewed in the district court of appeal by certiorari. See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202, 1206 (Fla. 1st DCA 1997)(approved 720 So.2d 216 (Fla.1998)). A district court's certiorari review is limited to a determination of whether the circuit court afforded due process and observed the essential requirement of the law. See Sheley, 703 So.2d at 1206; see also Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
Petitioner seeks writ of certiorari review over the circuit court's dismissal of his mandamus petition regarding revocation of gain time by a prison disciplinary board. Petitioner lost 30 days of gain time after the board convicted him of possession of negotiables (currency worth $200). Petitioner alleges the circuit court's decision denying his mandamus relief mistakenly relied on evidence related to a reporting officer's firsthand observation of Petitioner's disrespectful actions, not on evidence he possessed negotiables.
To support a conclusion of a prison disciplinary board, the Florida Supreme Court held that a "modicum" of evidence in the record satisfies the "some evidence" standard required by due process. Dugger v. Grant, 610 So.2d 428, 432 (Fla.1992) ("[O]nly a `modicum' of evidence is necessary to support an administrative decision regarding inmates even when such a decision does involve due process rights."); see also Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56, 105 S.Ct. 2768, *863 2774, 86 L.Ed.2d 356 (1985) (holding the relevant question is whether there is some evidence in the record to support the conclusion of the disciplinary board) (citations omitted).
Here, as required, there is some evidence in the record supporting the circuit court's denial of Petitioner's mandamus petition and the scrivener's error in the order does not defeat that reality. The record, not the order, is where some evidence supporting the disciplinary board's decision must exist. The circuit court afforded Petitioner due process and observed the essential requirements of the law.
Petition for Writ of Certiorari DENIED.
KAHN and THOMAS, JJ., concur.