971 So.2d 203 (2007)
John M. ESPOSITO, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D07-2502.
District Court of Appeal of Florida, First District.
December 31, 2007.
*204 John M. Esposito, pro se, Petitioner.
Bill McCollum, Attorney General, and Joe Belitzky, Senior Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
John M. Esposito petitions this court for a writ of certiorari, seeking review of an order of the circuit court which denied his petition for writ of mandamus. That petition challenged the imposition of a disciplinary sanction imposed against him by the Department of Corrections. Petitioner was found guilty after a hearing of attempting to conspire with his wife to introduce contraband, a wrist watch, into a prison facility. The disciplinary report was based upon monitored phone calls and was supported by the fact that Esposito was later found to be wearing a watch such as the one described in those calls. Petitioner argues that the person who listened to the phone calls misunderstood his conversations with his wife and that logs which reflected the results of strip searches before and after his wife's visits following those calls would show that the watch was already in his possession before she visited. Petitioner argues that his requests for copies of those inventories were ignored, resulting in violations of the Department's own rules and his right to due process under Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). We agree. See Gill v. Crosby, 884 So.2d 442 (Fla. 1st DCA 2004); Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000); Dep't of Corr. v. Marshall, 618 So.2d 777 (Fla. 1st DCA 1993). The right to present documentary evidence was expressly identified in Wolff as one of the rights of an inmate in a disciplinary proceeding. By denying relief, the circuit court allowed to stand an action of the Department which was the result of a proceeding where due process was denied. Issuance of the writ of certiorari is therefore appropriate. White v. Moore, 789 So.2d 1118 (Fla. 1st DCA 2001). We therefore GRANT the petition for writ of certiorari, QUASH the order of the circuit court, and REMAND with instructions to issue the writ of mandamus.
PETITION GRANTED.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.