PER CURIAM.
Gary Williams, an inmate serving a parole-eligible life sentence, appeals the denial of his petition for mandamus challenging a disciplinary report that resulted in him being placed in disciplinary confinement for 60 days. We treat the appeal as a petition invoking our certiorari jurisdiction,* and deny the petition on the merits because the trial court did not depart from the essential requirements of law in determining that Williams failed to demonstrate any liberty interest implicating the protections of the Due Process Clause. See Sandin v. Conner, 515 U.S. 472, 486-87, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that 30-day disciplinary confinement “did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest,” and further stating that “[t]he chance that a finding of misconduct will alter the balance [in consideration of parole] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause”).
DENIED.
DAVIS, WETHERELL, and SWANSON, JJ., concur.

 Sheley v. Fla. Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved by 720 So.2d 216 (Fla. 1998).