BILBREY, J.
Petitioner Eric Gardener seeks this Court’s certiorari review of the circuit court’s deniál of the writ of mandamus regarding administrative prison disciplinary action. The circuit court’s denial had the effect of affirming the Department of Corrections’ disciplinary action.
While Petitioner reiterates his challenge to the administrative disciplinary proceedings by the Department of Corrections, this Court reviews only the circuit court’s decision. As stated by the Florida Supreme Court in Florida Parole Commission v. Taylor; 132 So.3d 780, 783 (Fla.2014), “The district court’s role on second-tier certiorari review [is] limited to a two-pronged review of the circuit court decision, not a de novo review of the agency decision .... The district court is to determine only whether the circuit court: (1) afforded procedural due process; and (2) applied the correct law.” (citations omit *94 ted). See also Rollins v. Florida Parole Comm'n, 170 So.3d 7 (Fla. 2d DCA 2015).
The scope of this Court’s second-tier review as described in Taylor for decisions of.the Florida Commission on Offender Review (formerly Florida Parole Commission) applies equally to this Court’s certio-rari review of a circuit court’s appellate ruling' on an administrative prison disciplinary action by the Department of Corrections. See Williams v. Tucker, 87 So.3d 1270 (Fla. 1st DCA 2012); Cason v. McDonough, 943 So.2d 861 (Fla. 1st DCA 2006).
Here, the circuit court provided Petitioner with procedural due process. As .explained in Sheley v. Florida Parole Commission, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1908), when a prisoner files a petition for writ of mandamus in the circuit court as an appellate remedy to review quasi-judicial action of a lower tribunal, namely administrative prison disciplinary action, the circuit court reviews the agency action “like a plenary appeal on the merits.” Sheley, at 1206. The procedural due process for the circuit court’s appellate review of prison disciplinary action upon a petition for writ of mandamus is set out by statute, (regarding filing fees and limitations period),[1] the rules of civil and appellate procedure and of judicial administration,[2] and case precedent which has evolved as these types of actions have developed.
For example, rules 1.630, Florida Rules of Civil Procedure, and 9.100, Florida Rules of Appellate Procedure set out the pleadings requirements for extraordinary writ proceedings in circuit court, Under these procedural rules, if the circuit court determines that a prisoner’s initial petition states a prima facie case-for review, the circuit court may order the agency to show cause why the action was taken, under rule 9.100(h), Where a response is filed by the agency, the prisoner is entitled to-file a reply within the time set by the court, under - rule 9.100(k). A circuit court’s failure to follow these rules of procedure may be grounds for the issuance of the writ of certiorari by this Court. Wilkinson v. McDonough, 960 So.2d 911 (Fla. 1st DCA 2007).
Petitioner does not assert any lack of procedural process in the circuit court proceedings. Our review of the record shows that he was granted leave to. proceed without prepayment of the filing fees and filed his petition in the circuit court. The circuit court issued an order to show cause, the Department of Corrections filed its response, and Petitioner filed his reply. Both parties, attached exhibits to their.filings to support their respective positions in the, appeal to the circuit court. .No deprivation of any procedural due process is evident fi’om the record of the circuit court proceedings.
Applying the second prong of the test for this Court’s certiorari review, the record shows that the circuit court applied the correct law. The circuit court’s reliance on Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), Plymel v. Moore, 770 So.2d 242 (Fla. 1st DCA 2000), and Williams v. Tucker, 87 So.3d 1270 (Fla. 1st DCA 2012), was correct and supported the circuit court’s holding that no liberty interest was involved. See also John v. Crews, 149 So.3d 149 (Fla. 1st DCA 2014) (disciplinary confinement did not implicate due process liberty interest).
*95 In an abundance of caution, the circuit court found that even if a liberty interest had been involved, the agency’s disciplinary proceedings comported with the requirements of Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (requiring at least “minimum procedures appropriate under the circumstances,”). This was also an application of the correct law. As noted by the circuit court, when due process liberty interests are affected ⅛ prison disciplinary proceedings, Wolff entitles the prisoner to: (1) advance written notice of the disciplinary charge; (2) an opportunity to call witnesses and present documentary evidence in defense; and (3) a written statement by the fact finder of the .evidence relied on and the reasons for the disciplinary action. Petitioner was provided this due process, even though it was not required in this particular case. The court further relied on Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), for its finding that even if Petitioner had shown a liberty interest at stake, the due process clause requires only “some evidence” to support the Department’s disciplinary decision and that standard was met in Petitioner’s case.
Petitioner failed to show that the circuit court applied any incorrect law in its review of the administrative disciplinary action by the Department in this case. . In fact, the circuit court provided a plenary, appellate review and made additional findings under current case precedent governing cases where a. liberty interest, and thus due process, did apply. In light of this court’s limited review upon a petition for the writ of certiorari of the circuit court’s order, and the failure of Petitioner to show any deprivation of procedural due process or application of incorrect law by the circuit court, Petitioner has failed to meet his burden for the issuance of the writ.
The writ of certiorari is denied.
BENTON and OSTERHAUS, JJ., concur.

. See Fla. R. Civ. P. 1.630; Fla. R. Jud. Admin. 2.514, 2.516; Fla. R.App. P. 9.100, 9.430.