IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GLENN BATTLE,

      Appellant,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1792

Opinion filed March 4, 2016.

An appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

Glenn Battle, pro se, Appellant.

Mark Hiers, Assistant General Counsel, Florida Commission on Offender Review, Tallahassee, for Appellee.

STONE, WILLIAM F., Associate Judge.

      Appellant Glenn Battle appeals an order dismissing a petition for a writ of mandamus. We affirm.

By the mandamus petition, appellant, an inmate, sought an order directing the Commission on Offender Review (Commission) to reconsider its decision of May 5, 2014, which affirmed the recommendation of the hearing examiner that there be no change in appellant's presumptive parole release date (PPRD) and which noted that appellant's next review would occur in seven years given the offense at conviction which the Commission described as "Robbery Gun/Deadly Weapon." In fact, appellant had been convicted of robbery, not armed robbery, and thus appellant argued, the Commission's decision was based on an illegal ground. After the mandamus petition was filed, a new order from the Commission entered which listed the offense as "Robbery." Given this new order, the petition for mandamus relief was moot, the trial court ruled. In addition, the trial court noted that the decision to leave the PPRD unchanged was premised on three factors: the trauma experienced by the victim, the prior parole violation committed by appellant, and the unreasonable risk appellant posed to others. The incorrect listing of appellant's offense, therefore, was not a basis for the Commission's decision to leave unchanged the PPRD. Furthermore, the seven-year period between reviews is established by section 947.174(1)(b), Florida Statutes, which provides for a review every seven years for multiple offenses, including "robbery."

We find no basis to reverse. The trial court correctly held that the misstatement as to the nature of appellant's conviction, which was corrected, did

2

not affect the decision to leave the PPRD unchanged was not premised on the mischaracterization of appellant's offense; further, the trial court correctly determined that the 7-year review cycle in appellant's cause is established by section 947.174(1)(b).

A brief explanation is warranted as to why a direct appeal of the trial court's order, rather than a petition for writ of certiorari, is the appropriate avenue of review. When a petition for a writ of mandamus seeks review of a quasi-judicial action, the proper method of reviewing the denial of mandamus relief is by way of a petition for a writ of certiorari. See Sheley v. Fla. Parole Comm'n, 720 So. 2d 216 (Fla. 1998). However, a direct appeal is appropriate when mandamus relief has been denied for a reason other than the merits. See Walker v. Ellis, 989 So. 2d 1250 (Fla. 1st DCA 2008); Green v. Moore, 777 So. 2d 425 (Fla. 1st DCA 2000).

In the cause before us, the trial court dismissed the mandamus petition as moot because the ground on which relief was sought – the mischaracterization of appellant's conviction – was corrected by the Commission. As the denial of mandamus relief was not on the merits, direct review is appropriate. However, as the trial court seems to have suggested, mandamus could have been denied on the merits given the fact that the mischaracterization of appellant's conviction had no bearing on the decision not to revisit appellant's PPRD (which was based on 3 factors apart from the offense at conviction) nor on the 7-year review cycle (which

3

was mandated section 947.174(1)(b)).  Thus, direct appeal was appropriate in the instant case.

AFFIRMED.

THOMAS and KELSEY, JJ., CONCUR.