IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAVID NYBERG,

      Appellant,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3533

Opinion filed July 25, 2016.

An appeal from the Circuit Court for Leon County.
George S. Reynolds, III, Judge.

Appellant David Nyberg, pro se.

Sarah J. Rumph, General Counsel, Florida Commission on Offender Review,
Tallahassee, for Appellee.

RAY, J.

      Appellant, David Nyberg, appeals an order dismissing as moot a petition challenging the extension of his presumptive parole release date ("PPRD"). Although the circuit court received this petition in its appellate capacity for a plenary review on the merits, see Sheley v. Fla. Parole Comm'n, 720 So. 2d 216, 217 (Fla. 1998), the proceeding before us is an appeal because the circuit court

dismissed the petition on procedural grounds. See Battle v. Fla. Comm'n on Offender Review, 188 So. 3d 10, 11 (Fla. 1st DCA 2016). For the reasons that follow, we affirm.

After extension of his PPRD, Nyberg petitioned the Leon County Circuit Court for a writ of mandamus, arguing that the Florida Commission on Offender Review's stated reason for the extension was invalid. He requested that the Commission be ordered to determine his eligibility for parole without the invalid reason. Following an order to show cause, the Commission requested that the circuit court relinquish jurisdiction so that the Commission could reconsider its action. With Nyberg's agreement, the circuit court relinquished jurisdiction to the Commission. The Commission then entered an order that maintained the extension of Nyberg's PPRD without relying on the challenged basis, substituting a materially different basis. After the circuit court's jurisdiction resumed, Nyberg filed a reply in the form of an amended petition challenging the Commission's new order. The circuit court concluded that the Commission had corrected the error in the earlier order, dismissed Nyberg's petition as moot, and denied leave to amend.

Following Boyette v. Florida Parole Commission, 708 So. 2d 349 (Fla. 1st DCA 1998), we hold that the order addressed in Nyberg's petition was superseded by the Commission's order granting him the specific relief he initially requested. Therefore, Nyberg's petition is moot. See Boyette, 708 So. 2d at 350. We affirm

2

the circuit court's order without prejudice to Nyberg's right to challenge the Commission's new order with an original petition.

AFFIRMED.

BILBREY and JAY, JJ., CONCUR.