# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-4190

_____

CURTIS PARKER,

Appellant,

v.

FLORIDA DEPT. OF CORR.,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

September 11, 2024

ORDER DENYING MOTION TO
CONVERT APPEAL TO A CERTIORARI PETITION

LONG, J.

Appellant Curtis Parker appeals the circuit court's order dismissing his petition for writ of mandamus, challenging prison disciplinary actions. Appellant timely filed this appeal and an initial brief. Appellee moved to convert the appeal to a certiorari petition. Because the circuit court dismissed the petition for failure to demonstrate a sufficient liberty interest to merit mandamus relief, the order was not rendered by the circuit court in a review capacity. *See Sheffield v. State*, 369 So. 3d 724 (Fla. 1st DCA 2023). This Court, therefore, denies Appellee's motion to convert the appeal to a certiorari petition.

This order is consistent with the Court's en banc decision in *Gould.* We disagree with the dissent that there is a need for us to engage in another en banc proceeding before we follow it. *See Fla. Dep't of Corr. v. Gould*, 344 So. 3d 496, 504–05 (Fla 1st DCA 2022), *rev. granted*, No. SC22–1207, 2022 WL 17347630, at *1 (Fla. Dec. 1, 2022) (clarifying that certiorari review is proper "[i]f the request for mandamus necessitated a review by the trial court of a quasi-judicial administrative hearing to determine whether minimum due process expectations were met" and direct appeal is proper "[i]f the complaint instead asked the trial court simply to order an administrative officer to exercise his discretion").

The answer brief shall be served within thirty days of the date of this order.

DENIED.

ROWE, J, concurs; KELSEY, J., dissents with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

KELSEY, J., dissenting with opinion.

I dissent because the majority disposition departs from our own precedent without first engaging in en banc proceedings to do so. Appellant seeks review of an order denying mandamus relief following prison disciplinary action, in which he did not lose any gain time. Here, the circuit court reached the merits of Appellant's petition and denied it because it failed to demonstrate a due process liberty interest. Although Appellant filed a notice of appeal, Appellee has since filed a motion to convert this proceeding to certiorari review. Certiorari review is correct under our precedent and approved by the Florida Supreme Court. *See Sheley v. Florida Parole Comm'n*, 703 So. 2d 1202 (Fla. 1st DCA 1997) (holding that the proper method of review for an order denying

2

mandamus relief, when mandamus was used to challenge a decision of an administrative agency, is by petition for writ of certiorari), *approved*, 720 So. 2d 216 (Fla. 1998). We have consistently reviewed similar orders via certiorari. *E.g., Williams v. Tucker*, 87 So. 3d 1270, 1271 (Fla. 1st DCA 2012); *Plymel v. Moore*, 770 So. 2d 242, 246 (Fla. 1st DCA 2000).

A couple of our more recent panel decisions hold to the contrary. *See Sheffield v. State*, 369 So. 3d 724 (Fla. 1st DCA 2023) (concluding order was not rendered by circuit court in its review capacity where mandamus complaint challenged disciplinary action and circuit court dismissed for failing to allege a protected liberty interest); *Brown v. Dep't of Corrs.*, 314 So. 3d 771 (Fla. 1st DCA 2021) (reviewing by appeal dismissal of mandamus petition for failure to exhaust administrative remedies).

These recent panel decisions are not valid, binding, or legitimate precedent because they departed from precedent without first obtaining the Court's en banc authorization to do so. *See, e.g., Sims v. State*, 260 So. 3d 509, 514 (Fla. 1st DCA 2018) (holding that "[e]ach panel decision is binding on future panels, absent an intervening decision of a higher court or this court sitting en banc." (citing *Taylor Eng'g, Inc. v. Dickerson Fla., Inc.*, 221 So. 3d 719, 723 n.3 (Fla. 1st DCA 2017)); *see also Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc.*, 347 So. 3d 63, 64 (Fla. 3d DCA 2020) (refusing to depart from precedent because "we are bound by this Court's prior decision ...."); *Fox v. Fox*, 262 So. 3d 789, 792 (Fla. 4th DCA 2018) ("A panel of our court has no authority to overrule or recede from our precedent on the same legal issue.").

---

Curtis Parker, pro se, Appellant.

Shirtrina Niquita Roberts, Assistant General Counsel, Florida Department of Corrections, for Appellee.