# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0135

_____

FLORIDA DEPARTMENT OF
CORRECTIONS,

    Appellant,

    v.

PROPHET PAULCIN,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

March 12, 2025

PER CURIAM.

The Florida Department of Corrections ("Department") appeals from the trial court's order granting a petition for writ of mandamus filed by Appellee, Prophet Paulcin, an inmate who claimed to have suffered a due process violation during a prison disciplinary proceeding in violation of *Wolff v. McDonnell*, 418 U.S. 539 (1974), where the Supreme Court held that an inmate charged with a disciplinary infraction is entitled to, among other things, an opportunity to call witnesses and present documentary evidence regarding the case. Because the trial court failed to consider whether Appellee was prejudiced by what it found to be a due process violation, we reverse the court's mandamus order and remand for further proceedings. *See Gardener v. Fla. Dep't of*

*Corr.*, 178 So. 3d 92, 94 (Fla. 1st DCA 2015) ("[W]hen a prisoner files a petition for writ of mandamus in the circuit court as an appellate remedy to review quasi-judicial action of a lower tribunal, namely administrative prison disciplinary action, the circuit court reviews the agency action 'like a plenary appeal on the merits.'" (Citation omitted)); *Gill v. Crosby*, 884 So. 2d 442, 442 (Fla. 1st DCA 2004) (granting the certiorari petition, remanding with directions that the trial court grant the mandamus petition in which the inmate asserted that a due process violation occurred during his prison disciplinary proceeding, and addressing whether prejudice occurred as a result of the defects in the disciplinary report); *see also Lennear v. Wilson*, 937 F.3d 257, 278 (4th Cir. 2019) (employing a harmless error analysis to prison officials' alleged failure to disclose or consider any video surveillance in a prison disciplinary proceeding in violation of *Wolff*); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813–15 (10th Cir. 2007) (same); *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003) (same); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) ("In the absence of a recent pattern of violations, . . . it is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial. If a person may be convicted and obliged to serve a substantial prison sentence notwithstanding a constitutional error determined to be harmless . . ., surely the conditions of confinement of a sentenced prisoner may be made temporarily more severe as discipline for a prison rules infraction despite a harmless error in adjudicating the violation.").*

---

* Notably, the trial court cited to *Powell* in its mandamus order. Yet, the court denied the Department's motion for rehearing in which the Department correctly pointed out that the court did not address whether Appellee, who was found guilty of "spoken threats" to a Department employee, was prejudiced by not being provided with video surveillance of the incident at issue when, according to the evidence submitted by the Department, the cameras located in that area did not have audio capability when the incident occurred.

REVERSED and REMANDED for further proceedings.

OSTERHAUS, C.J., and LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Dan Johnson, General Counsel, and Charles T. Martin Jr., Assistant General Counsel, Tallahassee, for Appellant.

Prophet Paulcin, pro se, Appellee.