948 So.2d 964 (2007)
Earic SMILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1658.
District Court of Appeal of Florida, Fifth District.
February 16, 2007.
Earic Smiley, Bushnell, pro se.
No Appearance for Appellee.
LAWSON, J.
Earic Smiley appeals the denial of a petition for writ of mandamus in which he challenged the loss of gain time pursuant to a disciplinary action by the Department of Corrections, ("DOC"). We treat Smiley's notice of appeal as a petition for writ of certiorari.[1] Finding that Smiley was afforded due process and that the trial court applied the correct law, we deny the writ.
Earic Smiley is a prisoner currently incarcerated at the Sumter Correctional Institution in Bushnell, Florida. On November 19, 2005, while conducting a random locker and area search, a correctional officer found a "homemade weapon, approximately ten inches long," beneath the mattress of Smiley's bed, wrapped in his sheets. The institution followed its disciplinary procedure, which ultimately resulted in a finding that Smiley violated prison rules by possessing the weapon. As a result, Smiley suffered sixty days loss of gain time, and disciplinary confinement for sixty days. Smiley unsuccessfully exhausted his administrative remedies, then timely filed a petition for writ of mandamus *965 with the circuit court in Sumter County.[2]
Smiley's only argument is that it was inappropriate to discipline him based solely upon evidence that the weapon was found in his bedding, since someone else could have placed it there to "set him up." Citing primarily to cases regarding the quantum of proof necessary to establish possession beyond a reasonable doubt for a criminal conviction, Smiley argues that the trial court failed to apply the correct law in denying his petition for writ of mandamus. We disagree.
Although the loss of "basic" or "incentive" gain time credit (also referred to as "good time credit") implicates due process, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such conviction, nor any other standard greater than some evidence applies in this context." Dugger v. Grant, 610 So.2d 428, 432 n. 3 (Fla.1993) (emphasis in original) (quoting Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)). As explained in Hill, requiring only "a modicum of evidence to support a decision to revoke good time credits will help to prevent arbitrary deprivations without threatening institutional interests or imposing undue administrative burdens." 472 U.S. at 455, 105 S.Ct. 2768.
The fact that a correctional officer found the weapon under Smiley's mattress certainly provides a reasonable inference from which DOC officials could conclude that the weapon belonged to Smiley. As such, DOC's disciplinary action was supported by "some evidence." The evidence presented to DOC officials did not need to overcome Smiley's hypothesis of innocence  that the weapon was a "plant"  beyond a reasonable doubt. Hill, 472 U.S. at 455-456, 105 S.Ct. 2768. The evidence did not need to be "clear and convincing." Id. Nor did it even need to meet the lesser standard of proving possession by a preponderance of the evidence. Id. Because the evidence presented was clearly sufficient to meet the "some evidence" standard, we find that the trial court applied the correct law in reviewing DOC's decision. Accordingly, we deny certiorari.
CERTIORARI DENIED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See Sheley v. Florida Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998) (finding that district court review of a prisoner disciplinary matter is properly by certiorari where the circuit court has already afforded the petitioner a review of the agency's administrative decision on the merits). "On the second level of review in the district court the issue is limited to a determination whether the circuit court afforded due process and whether the court observed the essential requirements of law." Id. at 1206.
[2] Mandamus is the accepted remedy for circuit court review of DOC disciplinary actions. Bush v. State, 945 So.2d 1207 (Fla.2006). However, "the circuit court in Leon County is the proper venue for such cases if the prisoner has exhausted administrative remedies and is not alleging entitlement to immediate release." Id. at 1213. Although the case should have been transferred to the circuit court in Leon County, venue was waived below.