[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10433
Non-Argument Calendar
_____

D. C. Docket No. 06-22274-CV-FAM

HARRY W. ROBERTS,

Plaintiff-Appellant,

versus

B. WILSON,
LT. COLLINS,
A. PERKINS,
ERIC LANE,
S. MILLIKEN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 13, 2007)**

Before ANDERSON, CARNES, and HULL, Circuit Judges.

PER CURIAM:

Harry W. Roberts, pro se, appeals the dismissal of his 42 U.S.C. §1983 civil rights action under 28 U.S.C. § 1915(e)(B)(2)(ii). Roberts argues that the district court erroneously concluded that Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) rendered his action incognizable under §1983.[1]

We review § 1915(e)(2)(B)(ii) dismissals for failure to state a claim de novo, using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals and viewing the allegations in the complaint as true. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The district court may dismiss an action if the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint fails to state a claim if it does not appear plausible that the plaintiff can prove a set of facts which would entitle him to relief. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965-66, 1968, 167 L.Ed.2d 929 (2007).

In Heck, the Supreme Court held that:

---

[1] Roberts also argues that he was entitled to pursue and recover based on inhumane conditions of confinement and punishment in violation of the Eighth Amendment, deprivation of privacy in violation of the Fifth Amendment, and unspecified violations of the Sixth Amendment. However, Roberts did not plead these causes of action or grounds for recovery below. Therefore, they are not considered on appeal. See Continental Technical Services, Inc. v. Rockwell Int'l Corp., 927 F.2d 1198, 1199 (11th Cir. 1991).

2

[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372 (involving § 1983 complaint alleging that defendants, acting under color of state law, engaged in unlawful acts during the criminal investigation that led to his arrest and conviction). This means that a plaintiff may not obtain damages under § 1983 if a judgment in his favor "would necessarily imply the invalidity of his conviction or sentence." Id.

The Heck principle has its origins in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973), which held that the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus. See id. at 500, 93 S.Ct. at 1841. The Court reasoned that such an action constitutes an attack on "the very duration of ... physical confinement," and thus it lies at "the core of habeas corpus." Id. at 487-88, 93 S.Ct. at 1835. Later, in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), the Supreme Court reiterated that state prisoners must use petitions for writs of habeas corpus in seeking restoration of good-time credits, but held that actions challenging the validity of the procedures

3

for revoking good-time credits, seeking damages and prospective relief, are properly brought under § 1983. See id. at 554-55, 94 S.Ct. at 2973-74.

However, Balisok limited the Wolff 's holding by relying on Heck. Balisok, 520 U.S. at 644-46, 117 S.Ct. at 1587-88 (involving prisoner, who was found guilty of four prison conduct infractions, sentenced to 10 day isolation and 20 days segregation, and deprived 30 days' good-time credit, seeking monetary damages for use of wrongful procedures and injunctive relief). The Balisok case involved a state prisoner's claim was limited to the procedures of his disciplinary hearing through which his good-time credits were revoked; it did not directly attack the revocation itself. Nonetheless, the Court held that the claim necessarily implied the invalidity of the punishment imposed and therefore could not be pursued unless the prisoner had succeeded in having the revocation penalty invalidated. Id. at 646-48, 117 S.Ct. at 1588-89.

Still, the Supreme Court has made clear that Heck is not categorically applicable to all lawsuits challenging prison disciplinary actions. See Muhammad v. Close, 540 U.S. 749, 754, 124 S.Ct. 1303, 1306 (2004). In Muhammad a prisoner filed a § 1983 action against a prison official, alleging that the official had charged him and subjected him to pre-hearing lockup in retaliation for earlier lawsuits and grievance proceedings the prisoner had filed. Id. at 753-54, 124 S.Ct.

4

at 1305. The Court held that, because the suit did not necessarily affect the computation of "good time" credits, it "could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence." Id. at 754-55, 124 S.Ct. at 1306. Because the lawsuit did not implicate a claim that was cognizable in a habeas proceeding "Heck's favorable termination requirement was inapplicable." Id. at 755, 124 S.Ct. at 1306.

More recently, in Wilkinson v. Dotson, 544 U.S. 74, 76, 125 S.Ct. 1242, 1244-45 (2005), the Court held that the claims for declaratory and injunctive relief by two state prisoners challenging the validity of the procedures for determining parole eligibility that had been used to deny them parole were properly brought in a § 1983 proceeding. The reasoning was that, because a favorable judgment would not necessarily imply the invalidity of their convictions or sentences, and would not "necessarily spell speedier release, neither lies at 'the core of habeas corpus.'" Id. at 82, 125 S.Ct. at 1248. For that reason, the claims in Wilkinson were held not to fall within "the implicit habeas exception." Id.

The Florida disciplinary proceeding regulations involved in this case provide that a correctional employee should prepare a formal disciplinary report, if a disciplinary matter cannot be resolved through verbal reprimand or corrective

5

consultation and a supervisor approves the report preparation. Fla. Admin. Code Ann. r. 33-601.303. The regulations prohibit a person from serving on a disciplinary hearing team, if he wrote the charge, witnessed the violation, investigated the violation, or reviews the hearing's results. Fla. Admin. Code Ann. r. 33-601.306. If found guilty of the charge, the inmate may be placed in disciplinary confinement and lose gain time and visitation privileges. Fla. Admin. Code Ann. r. 33-601.308, 33-601.314, 33-601.731. At the institutional level, the warden is the final reviewing authority for all disciplinary reports where the loss of gain time does not exceed 365 days. Fla. Admin. Code Ann. r. 33-601.308. Florida precedent requires only some evidence supporting a disciplinary adjudication to appear in the record for a judicial affirmance to be in order. Smiley v. State, 948 So.2d 964, 965 (Fla. Dist. Ct. App. 2007).

In this case, Roberts's complaint alleges that he was deprived of due process and it seeks damages for the punishment that was imposed on him in the disciplinary proceeding. Roberts has never had the disciplinary adjudication invalidated. Therefore, his § 1983 action is not cognizable in light of Heck and Balisok. Unlike the claim in Muhammed, Roberts's claim necessarily would be at odds with the revocation of his good time credits and with the State's calculation of the time he has left to serve on his sentence. Unlike the claim in Wilkinson,

6

Roberts's claim necessarily would imply the invalidity of the penalty imposed on him. Accordingly, we affirm the district court's dismissal of Roberts's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**AFFIRMED**