979 So.2d 1209 (2008)
Lawrence E. O'NEILL, Petitioner,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Respondent.
No. 1D07-5778.
District Court of Appeal of Florida, First District.
April 30, 2008.
*1210 Lawrence E. O'Neill, pro se, Petitioner.
Bill McCollum, Attorney General, and Lance Eric Neff, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Lawrence E. O'Neill seeks review of an order denying his petition for extraordinary relief, in which he challenged the outcome of a prison disciplinary proceeding. We grant the petition, quash the circuit court's order, and remand for further proceedings.
O'Neill was issued a disciplinary report charging him with "attempt to conspire." In essence, the disciplinary report alleged that O'Neill had been mailed a packet of legal documents pertaining to another inmate by the mother of that inmate. O'Neill and the other inmate had previously been housed at the same facility, and nearly three months prior to receipt of the documents, an individual alleged by the charging officer to be the sister of the other inmate had deposited a sum of money into petitioner's inmate trust account. According to the disciplinary report, this scenario "indicates that Inmate O'Neill has received monetary compensation for the legal services that he has provided [the other inmate] in the past."
In challenging his disciplinary conviction for this offense, O'Neill argued among other things that a witness statement by the other inmate was not read at the disciplinary hearing, and the reason for failing to disclose the contents of this statement to petitioner was not noted by the disciplinary team, as required by Department of Corrections' rules. O'Neill further argued that the evidence considered by the disciplinary team was insufficient to satisfy even the minimal "some evidence" standard applicable to a prison disciplinary proceeding.
The circuit court issued an order to show cause and the Department responded, arguing only that O'Neill's petition was untimely. The circuit court thereafter entered an order denying relief on the merits, and we agree with the court's implicit conclusion that O'Neill's claim was not barred as untimely. However, we conclude that the record before the circuit court did not afford a sufficient basis to reject petitioner's claims on the merits.
In this regard, we note that with its response, the Department provided at least some portions of the record of the disciplinary proceeding. However, those materials did not refute petitioner's claims concerning the other inmate's witness statement, and although the Department's response to O'Neill's administrative appeal found that "[t]he investigation ties all of the evidence together to support the charge," the portions of the record provided to the circuit court fall short of providing evidentiary support for the charging officer's deduction that O'Neill received monetary compensation for performing legal services for another inmate. We recognize that to be sufficient, the evidence of guilt in a prison disciplinary proceeding need not overcome the charged inmate's hypothesis of innocence. See Smiley v. *1211 State, 948 So.2d 964 (Fla. 5th DCA 2007). We conclude, however, that in the absence of direct evidence, an inference of guilt must nonetheless be reasonable and must have some factual support in the record. If indeed there is an investigative report that "ties all of the evidence together" to support a reasonable inference of O'Neill's guilt, it does not appear in the record developed thus far.
Accordingly, the order denying O'Neill's petition for extraordinary relief is QUASHED and the matter is REMANDED to the circuit court for further proceedings.
BROWNING, C.J., KAHN and THOMAS, JJ., concur.