*1139
 
 PER CURIAM.
 

 Terry Bujno, a state inmate, seeks review of an order denying his petition for writ of mandamus. We grant his petition for writ of certiorari, quash the circuit court’s order, and remand for further proceedings.
 

 In his petition below, Bujno challenged a prison disciplinary team’s finding that he was guilty of the offense of introduction of contraband. Bujno was charged after a pornographic magazine was discovered hidden in a work squad cart in which he, another inmate, and two prison staff members were riding. He argued in the administrative grievance process and to the circuit court that he was not in personal possession of the contraband at the time of its discovery, that there was no evidence that he had hidden the contraband or was aware of it existence, and that the evidence was otherwise insufficient to establish constructive possession because the cart was kept in an unsecured area and was readily accessible to a large number of other inmates and staff. The circuit court denied relief without soliciting a response from the Department of Corrections, reasoning that the responses to Bujno’s administrative grievances were adequate.
 

 The record before us at present supports the conclusion that the disciplinary team found petitioner guilty based on the theory that he constructively possessed or controlled the contraband at issue. Case law recognizes that evidence of constructive possession is sufficient in a prison disciplinary proceeding when contraband is found in an area where only a limited number of inmates have ready access.
 
 See, e.g., Hamilton v. O’Leary,
 
 976 F.2d 341 (7th Cir.1992) (evidence that weapons were found in vent of cell shared by four inmates was sufficient to establish constructive possession). However, even under the minimal evidentiary standard associated with prison disciplinary proceedings, the inference of constructive possession may be too weak where the charged inmate was just one of many who shared access to the area where the contraband was found and there was no other reliable evidence tying the contraband to the charged inmate.
 
 See, e.g., Broussard v. Johnson,
 
 253 F.3d 874 (5th Cir.2001) (evidence that contraband was found in kitchen area accessible to approximately 100 other inmates not sufficient);
 
 Cardenas v. Wigen,
 
 921 F.Supp. 286 (E.D.Pa.1996) (evidence that contraband was found in common area shared by 12 inmates insufficient).
 

 The grievance responses on which the circuit court relied to deny relief in this case did not directly address petitioner’s claim that the evidence was insufficient to establish constructive possession, and because the circuit court did not order a response from the Department, it undertook to determine the merits of petitioner’s claim without the benefit of an adequate record of the disciplinary proceeding and the evidence considered by the disciplinary team.
 
 [1]
 
 Without such a record, the circuit court could not properly discharge its duty to determine whether there was some factual support for the finding of guilt.
 
 See O’Neill v. McNeil,
 
 979 So.2d 1209 (Fla. 1st DCA 2008).
 

 Under these circumstances, we conclude that the circuit court’s failure to issue an order to show cause amounted to a departure from the essential requirements of law.
 
 See Duncan v. Florida Parole Com’n,
 
 939 So.2d 176 (Fla. 1st DCA 2006). Accordingly, the petition for writ of eertio-
 
 *1140
 
 rari is GRANTED, the order denying Bu-jno’s petition for writ of mandamus is QUASHED, and the matter is REMANDED for further proceedings.
 

 BARFIELD, ALLEN, and THOMAS, JJ., concur.
 

 [1]
 

 . According to petitioner, he attempted without success to obtain copies of the witness statements considered by the disciplinary team.