FARMER, J.
Defendant is serving a prison sentence at a Department of Corrections (DOC) facility in Martin County. He was charged with a disciplinary violation, found guilty, and suffered the loss of BO days of accrued gain time. In a petition for mandamus filed in the Nineteenth Circuit, he challenged the DOC action, asserting that the hearing investigator did not follow DOC procedures during the interview and investigation, resulting in the absence of required witness testimony during the disciplinary proceeding. ' He alleged he had exhausted administrative remedies and did not claim entitlement to immediate release.
On his own motion and without prior notice or hearing, the trial judge assigned to the action ordered that the case be transferred to the Second Circuit, Leon County, where DOC has its headquarters. The court did not provide him with notice of its intention to transfer the case or give him an opportunity to be heard. He appeals the order.[1]
Initially, we note that a DOC disciplinary order taking away gain time has been reviewed by petition for mandamus in the circuit where the prison is located. See Smiley v. State, 948 So.2d 964 (Fla. 5th DCA 2007) (mandamus is the accepted remedy for circuit court review of Department of Corrections disciplinary actions).
In Smith v. McDonough, 955 So.2d 644 (Fla. 4th DCA 2007), involving the same kind of proceeding, we reversed the identical judicial action sending the case to Leon County without prior notice or hearing. We required the trial court to hold a hearing as to whether the “sword-wielder” venue doctrine even applied to this kind of proceeding. We did so upon the concession of DOC that the prisoner was entitled to such notice and hearing before his case was taken from his choice of available venue. As the court in Fish & Wildlife Conservation Commission v. Wilkinson, 799 So.2d 258, 260-61 (Fla. 2d DCA 2001), reasoned:
“pursuant to established case law, the burdens shift back and forth between the parties. When an agency wishes to challenge a plaintiffs venue selection, it must first raise the issue in a motion to dismiss or an answer. It has the burden to prove its right to the governmental home venue rule. Typically the headquarters of the agency is established by law or is otherwise an admitted fact, and no additional evidence is required to prove the general application of the home venue privilege. The burden then shifts to the plaintiff to plead and prove facts establishing an exception to the general rule. If the plaintiff pleads these allegations and presents evidence to establish the sword-wielder exception, then the agency must respond with conflicting evidence or the plaintiff prevails on its venue selection. Finally, if the agency responds with conflicting evidence, then the burden of persuasion returns to the plaintiff, and the trial court must resolve the factual dispute.” [C.O.]
799 So.2d at 260-61. We agree. Because the burden is initially on the agency to object and prove improper venue, it is ordinarily error for the trial judge to raise the issue and then decide it without notice or hearing.
*698 We call the attention of the parties to the Fifth District’s decision in Smiley, above, where there was no issue raised by DOC with venue placed where the DOC facility was located and where the disciplinary hearing itself was conducted and concluded.

Reversed.

WARNER and LEVINE, JJ., concur.

. See Fla. R.App. P. 9.130(a)(3)(A) (party may seek non-final review of trial court orders concerning venue).