OWEN, Judge.
Petitioner seeks certiorari review of a circuit court decision affirming an administrative order revoking petitioner’s license to operate a heliport facility.
In July 1973 petitioner’s heliport operating license was not renewed. He was informed that this was because of the failure of the facility to meet minimum safety standards as prescribed in paragraph 1 of Ch. 14-60.07, Florida Administrative Code. In particular, petitioner was told that his helipad did not meet the side-slope requirements for approval. Petitioner then sought a writ of certiorari in the circuit *26 court to review the administrative decision not to renew his license, whereupon petitioner and respondent entered into a stipulation providing as follows:
“1. respondent would renew the license but would not be prejudiced by renewal in any revocation hearing of that license;
2. respondent, upon notice, would hold a revocation hearing;
3. petitioner would withdraw his writ.”
Petitioner’s license was renewed and shortly thereafter he was informed by respondent by letter of the following specific violations uncovered in the license inspection of his heliport:
“1. Single strand rope fence was broken in places.
2. No wind sock or indicator on helipad.
3. No fire extinguishers evident.
4. Advertising sign indicates ‘charter’.”
Shortly thereafter respondent informed petitioner’s attorney that an administrative hearing would be held regarding the license issued under the stipulation, and in due course petitioner received written notice of hearing stating that the purpose of the hearing was “to inquire into all matters concerning the licensing of the 17th Street Causeway Heliport, 1701 Southeast 17th Street, Fort Lauderdale, Florida.” (e.s.). Petitioner promptly, and thereafter consistently throughout the proceedings, raised the objection that this notice totally failed to inform him of the nature and subject matter of the hearing in such fashion as would allow him his right to present a defense. As a result of the hearing, the examiner entered an order recommending revocation of petitioner’s heliport license based upon the following findings of fact:
“Upon basis of the evidence presented, the testimony of the parties and upon the personal inspection of the examiner, it is the finding that the said heliport or hel-istop fails to meet the minimum standards of safety as delineated by Ch. 14-160, Rules of the Florida Department of Transportation, for the reason that natural growth and the encroachment of power lines and other structures together with increased human traffic by land and air have made the takeoff and landing from the 17th Street Causeway Heliport hazardous to persons and property on land and in the air.” (e.s.)
The examiner’s recommendation was adopted in the final agency order and upon certiorari review in the circuit court the order was affirmed.
We are of the view that the notice of hearing failed to meet minimum due process requirements in that it did not adequately detail the reasons or grounds upon which respondent would seek termination or revocation of petitioner’s license. See, Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). It is clear from the record that petitioner did not and could not know with any reasonable degree of certainty the nature of any alleged violations or grounds for revocation of his license until after the respondent had offered its evidence at the hearing.
While we might surmise that by virtue of the grounds cited as the basis for the earlier refusal to renew his license petitioner and his attorney may have had some insight as to the grounds upon which respondent would seek revocation of the license, we think that this cannot substitute for reasonable notice of the charges against which petitioner was ultimately expected to defend.
The decision of the circuit court is reversed and this cause remanded with directions that the agency order be quashed and petitioner afforded a new hearing upon due and proper notice.
Reversed and remanded.
*27 WALDEN, C. J., concurs.
DOWNEY, J., dissents with opinion.