DELL, J.
Bret L. Lusskin appeals from a Final Order of the State of Florida Agency for Health Care Administration, Board of Medicine, (“Agency”) .suspending his medical license. He argues that due process of law requires reversal because the adminis--trative complaint did not charge noncompliance with the Physician’s Recovery Network’s (“PRN”) contract as a basis for his inability to practice with skill and safety. Appellant also contends that the Final Order is not .supported by clear find convincing evidence.. We reverse and remand for a new hearing.
On February 22, 1996, the Agency filed an administrative complaint against appellant for failure to comply with a Final Order dated January 8, 1992. The complaint alleged that appellant failed to follow PRN’s recommendation to undergo inpatient psychiatric treatment as required by the January 8, 1992, Order (Count I), and that he was guilty of being unable to practice medicine with reasonable skill and safety to patients by reason of illness (Count II). On December 2, 1996, the Agency issued an Order of Emergency Restriction of License requiring appellant to have 'a female chaperon present when treating female patients, and to enter into another contract with PRN. On December 4, 1996, appellant requested a formal hearing on the administrative complaint. On December 30, 1996, he executed a contract with PRN that required him to be evaluated by a psychiatrist and to have a chaperon present whenever he treated female patients.
In March 1997, PRN experienced problems with appellant’s female chaperon because it learned that she was unaware of her responsibilities under the contract and was employed by appellant. On March 24, 1997, PRN sent appellant a letter stating that PRN had attempted, with varying degrees of success, to contact the individuals in his office that were listed on his contract; that he should review his contract with the individuals who assumed a role in his monitoring; and that these individuals would be receiving random monitoring calls from PRN concerning compli- *68 anee with the contract. On June 2, 1997, PRN notified legal counsel for the Agency that appellant was not currently being monitored by PRN.
After an October 1, 1997, hearing, the administrative law judge (“ALJ”) issued a Recommended Order on March 6, 1998, that dismissed Count I, but found under Count II that appellant was unable to practice medicine with reasonable skill and safety to patients due to illness. The ALJ recommended the Agency suspend appellant’s license, place him on probation for five years, and assess a fine of $2,500.00. On May 7, 1998, the Agency approved and adopted the findings of fact, the conclusions of law, and the recommended penalties of the ALJ, but rejected the ALJ’s finding that there was clear and convincing evidence that the appellant complied with the recommendations of the PRN-approved psychiatrists.
Appellant contends that the Agency’s Final Order violates his due process rights because he did not have notice that noncompliance with the PRN contract would be the primary basis for proving his inability to practice with skill and safety. He also contends that the Final Order is not supported by clear and convincing evidence.
Appellee argues that appellant had adequate notice that his mental capability to practice medicine safely was going to be at issue, particularly as it related to his relationship with PRN and his involvement with that program. While appellant knew the issue of whether he was impaired would be litigated, appellee did not provide him notice that the contract’s compliance was at issue. Appellant’s only communication from PRN concerning the matter was a letter dated March 24, 1997. According to Dr. Pomm, a staff psychiatrist for PRN, the letter did not inform appellant that he was in violation of the contract, but only “pointfed] out” that he “need[ed] to comply with the contract.” Moreover, PRN’s letter to the Agency terminating the contract, stated that appellant should be monitored by PRN, that they tried to monitor him without success, and that he was no longer being monitored. Neither appellant nor his attorney received copies of this letter, nor were they informed that PRN terminated the contract. Appellee did not amend the complaint to include the contract violations, nor did it seek emergency relief after being notified that the contract was terminated. Appellant testified that he did not know that the contract was null and void, and thought he was in compliance “as far as [he] could tell.”
In Wood v. Department of Transportation, 325 So.2d 25 (Fla. 4th DCA 1976), this court held that the notice of hearing failed to meet minimum due process requirements when the Department of Transportation sought revocation of a heliport license. The stated purpose of the hearing was “to inquire into all matters concerning the licensing of the 17th Street Causeway Heliport.” Id. at 26. Throughout the proceedings, Wood timely and consistently objected that the notice did not inform him of the “nature and subject matter of the hearing in such a fashion as would allow him his right to present a defense.” Id. Here, appellant timely objected, and with the ALJ’s approval, made a standing objection to evidence concerning the details of the 1996 contract because the administrative complaint did not charge the appellant with noncompliance of that contract. The broad statement that, “Respondent was unable to practice medicine with reasonable skill and safety due to illness,” did not alert appellant that noncompliance with the contract would be a basis for proving his inability to practice with skill and safety.
We hold, as this court did in Wood, that, “It is clear from the record that [appellant] did not and could not know with any reasonable degree of certainty the nature of any alleged violations or grounds for revocation of his license until after [appellee] had offered its evidence at the hearing.” Wood, 325 So.2d at 26. While appellant may have had some “insight” as to the *69 grounds upon which the appellee would seek revocation, this “cannot substitute for reasonable notice of the charges against which [appellant] was ultimately expected to defend.” Id.-, see also Cottrill v. Department of Ins., 685 So.2d 1371, 1372 (Fla. 1st DCA 1996)(“Predicating disciplinary action against a licensee on conduct never alleged in an administrative complaint or some comparable pleading violates the Administrative Procedure Act.”); Delk v. Department of Prof'l Regulation, 595 So.2d 966, 967 (Fla. 5th DCA 1992)(“the proof at trial or hearing [must] be that conduct charged in the accusatorial document...
Accordingly, we affirm that part of the Final Order that dismissed Count I of the administrative complaint and conditionally suspended appellant from the practice of medicine. We reverse the findings of fact and the conclusions of law as to Count II of the administrative complaint. We remand this cause with leave to appellee to file an amended administrative complaint as to those charges alleged in Count II of the original administrative complaint, and with directions that appellant be afforded a new hearing after proper notice. Consequently, we need not address the question of whether the Final Order was supported by clear and convincing evidence. Appellant’s license will remain suspended as provided in the Final Order pending disposition of the allegations and charges that may form the basis for the suspension of his license to practice medicine.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
STEVENSON and HAZOURI, JJ., concur.