820 So.2d 424 (2002)
Brett L. LUSSKIN, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, BOARD OF MEDICINE, Appellee.
No. 4D01-2827.
District Court of Appeal of Florida, Fourth District.
July 3, 2002.
*425 Jane Kreusler-Walsh and Rebecca J. Mercier of Jane Kreusler-Walsh, P.A., West Palm Beach, and Fred Chikovsky and Keith Schafer of Chikovsky Ben & Schafer, P.A., Hollywood, for appellant.
Pamela H. Page, of the Agency for Health Care Administration, Tallahassee, for appellee.
MAY, J.
Strict compliance with statutory requirements dictates the result in this case. Dr. Lusskin appeals a final order of the Department of Health, Board of Medicine [the Board], that revoked his medical license. The Board's failure to comply with section 120.57(1)(l), Florida Statutes (2001), warrants a reversal and remand to the Department of Health.
The procedural history of this case is fairly long. Suffice it to say that this Court has previously affirmed and reversed decisions of the Board concerning Dr. Lusskin. Lusskin v. Dep't of Prof'l Regulation Bd. of Med., 611 So.2d 1 (Fla. 4th DCA 1992); Lusskin v. Dep't of Prof'l Regulation Bd. of Med., 731 So.2d 67 (Fla. 4th DCA 1999). Upon remand from the last appeal, the Board filed an amended administrative complaint, alleging that the doctor was unable to practice medicine with reasonable skill and safety due to illness and has not cooperated with the Physicians Recovery Network [PRN] in monitoring his contract.
After an evidentiary hearing, the administrative law judge found that the doctor had failed to comply with monitoring requirements in two respects. He concluded that the doctor suffers from a psychological illness that interferes with his ability to practice medicine with reasonable skill and safety, but that the doctor was able to practice with reasonable skill and safety when monitored under the PRN contract. The judge recommended that the Board lift his suspension, which had resulted from the prior hearing, and reinstate his license with proper restrictions.
The Board accepted all of the findings of the administrative law judge, but rejected the penalty recommendation. Rather than lift the suspension and reinstate his license, it revoked the doctor's *426 license. In doing so, it stated that there was "record evidence that [the doctor] is unable to comply with the requirements of the Physician's Recovery Network, without monitoring by which [he] is unable to practice medicine with reasonable skill and safety."
The Board is imbued with the authority to accept or reject the hearing officer's penalty recommendation. See Criminal Justice Standards and Training Comm'n v. Bradley, 596 So.2d 661 (Fla. 1992). When it does so, it must conduct a review of the complete record, and state "with particularity its reasons therefor in the order, by citing to the record in justifying the action." § 120.57(1)(l), Fla. Stat. (2001). Simply referring to the record in general is insufficient to comply with this subsection.
We reverse the order of the Board and remand the case for compliance with section 120.57(1)(l), Florida Statutes (2001). Orders that fail to contain the statutorily mandated reasoning and record citation also fail to provide this court with the information necessary to properly review the Board's action.
SHAHOOD and GROSS, JJ., concur.