943 So.2d 199 (2006)
David P. LOPEZ, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-1550.
District Court of Appeal of Florida, First District.
October 18, 2006.
Rehearing Denied December 4, 2006.
David P. Lopez, pro se, Petitioner.
Bradley R. Bischoff, Assistant General Counsel, for Respondent.
BROWNING, C.J.
The petitioner seeks certiorari relief from the ruling of the circuit court, sitting in its appellate capacity, denying certiorari and mandamus relief from the Florida Parole Commission's decision to reject the hearing examiner's non-binding recommendation to restore the petitioner to conditional release supervision. See Harvard v. Fla. Parole Comm'n, 782 So.2d 904 (Fla. 1st DCA 2001) (concluding that petitioner failed to show denial of due process of law or misapplication of law by circuit court, sitting in its appellate capacity, where Commission was not bound by parole examiner's recommendation of a presumptive *200 parole release date). The Commission accepted the hearing examiner's finding of guilt upon the petitioner's admission of guilt, but the Commission elected to revoke conditional release supervision. The petitioner misplaces his reliance on the materially distinguishable holding in Ellis v. Fla. Parole Comm'n, 911 So.2d 831, 832-33 (Fla. 1st DCA 2005), in which the Commission improperly rejected the hearing officer's factual determination that Ellis' violation was not willful (which was supported by competent substantial evidence) and made its own determination that Ellis had acted willfully and, thus, had violated conditional release. The petitioner has not met his extraordinary burden to show that the circuit court denied him procedural due process and failed to observe the essential requirements of law. See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). Accordingly, the petition for writ of certiorari is DENIED on the merits.
KAHN and DAVIS, JJ., concur.