# Supreme Court of Florida

_____

No. SC11-2460
_____

**FLORIDA PAROLE COMMISSION,**
Petitioner,

vs.

**ROBERT TAYLOR,**
Respondent.

[January 23, 2014]
**<u>CORRECTED OPINION</u>**

CANADY, J.

The Florida Parole Commission seeks review of <u>Taylor v. Florida Parole Commission</u>, 75 So. 3d 307 (Fla. 1st DCA 2011), in which the First District Court of Appeal granted a petition for second-tier certiorari and quashed an order by the Third Judicial Circuit Court. Because the First District granted certiorari relief based on a de novo review of the administrative decision of the Florida Parole Commission (FPC) rather than conducting a limited certiorari review of the circuit court's order, the First District's decision expressly and directly conflicts with <u>Sheley v. Florida Parole Commission</u>, 720 So. 2d 216, 218 (Fla. 1998), in which

this Court held that "once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court." We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

In addition to concluding that the First District's decision exceeded the scope of second-tier certiorari review, we hold that the First District erred in granting certiorari relief because the circuit court's decision did not result in a miscarriage of justice. We therefore quash the First District's decision.

## I. BACKGROUND

In 1989, Robert Taylor was sentenced as a habitual offender for burglary with assault and false imprisonment. He was granted conditional release in 2007. In 2008, Taylor violated his conditional release by failing to maintain full-time employment. At that time, the FPC determined that Taylor's conditional release should not be revoked.

In 2010, Taylor admitted that he again violated a condition of his release by using marijuana. After a hearing, during which a conditional release officer and Taylor testified, the parole examiner concluded that Taylor's violation was willful and substantial but recommended that Taylor be restored to regular supervision. The FPC rejected this recommendation and revoked Taylor's conditional release. In its order, the FPC concluded that Taylor willfully violated a substantial

condition of his conditional release by "using or possessing narcotics, drugs or marijuana, unless prescribed by a physician, in that on or about April 5, 2010, he did use and/or possess marijuana, not prescribed by a physician, as evidenced by his own admission." Appellant's Brief on the Merits at Exhibit 1:94, Fla. Parole Comm'n v. Taylor, No. SC11-2460 (Apr. 2, 2013) (Revocation of Conditional Release Order). The FPC then explained that the FPC "deems it for the best interests of society and the Conditional Releasee, that Robert L. Taylor be returned to the custody of the Department of Corrections, there to remain not to exceed his/her sentence or until further order of the Commission." Id.

Taylor filed in the circuit court a pro se petition for a writ of habeas corpus. He argued in part that the FPC abused its discretion by revoking Taylor's conditional release without "stating with particularity"—as required by section 120.57(1)(l), Florida Statutes (2010)—its reason for departing from the parole examiner's recommendation. After ordering a response from the FPC, the circuit court denied Taylor's habeas petition. Without expressly addressing Taylor's argument that the FPC failed to state its reasoning with sufficient particularity, the circuit court concluded that Taylor was not entitled to relief from the FPC's decision because the parole examiner's finding of a willful violation was supported by competent, substantial evidence and the FPC acted within its discretion in

revoking Taylor's conditional release.  See Taylor v. Fla. Parole Comm'n, No. 2010-588-CA at 2 (Fla. 3d Jud. Cir. Mar. 17, 2011).

Taylor then filed in the First District a pro se petition for a writ of certiorari. Taylor argued that the FPC failed to follow Florida's Administrative Procedures Act, ch. 120, Fla. Stat. (2010), when it rejected the parole examiner's recommendation.  After ordering a response from the FPC, the First District granted Taylor's petition.  The First District concluded that "under the facts of this case as determined by the parole examiner, the Commission abused its discretion in revoking Petitioner's supervision, resulting in a miscarriage of justice."  Taylor, 75 So. 3d at 308.

The FPC petitioned this Court for review of the First District's decision on the basis that the decision expressly and directly conflicts with Sheley.  This Court granted review and appointed counsel for Taylor.

## II. ANALYSIS

In the analysis that follows, we first address the conflict between the First District's decision and Sheley.  We then explain why the First District erred in granting second-tier certiorari relief in Taylor's case.

"[T]he district court's role on second-tier certiorari review [is] limited to a two-pronged review of the circuit court decision, not a de novo review of the agency decision."  Broward Cnty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 845 (Fla.

2001) (citing generally City of Deerfield Beach v. Vaillant, 419 So. 2d 624 (Fla. 1982)). The district court is to determine only whether the circuit court: (1) afforded procedural due process; and (2) applied the correct law. Id. at 843.

Furthermore, certiorari review "cannot be used simply because the district court disagrees with the outcome of the circuit court's decision. . . . [D]istrict courts should act only where the error is one that is a departure from the essential requirements of law." Nader v. Fla. Dep't of High. Saf. & Motor Veh., 87 So. 3d 712, 726 (Fla. 2012). "The test that has always applied to second-tier certiorari [is]: it should be granted only when there is a departure from the essential requirements of law resulting in a miscarriage of justice." Id. (emphasis added).

In Sheley, this Court applied these principles of second-tier certiorari in the context of reviewing a decision by the FPC. In that case, an inmate filed a petition for a writ of mandamus challenging the FPC's decision regarding his presumptive parole release date. After the circuit court denied his mandamus petition, the inmate attempted to appeal the circuit court's order. The First District treated the appeal as a petition for a writ of certiorari and denied relief, reasoning that "[t]here has been no showing that the circuit court failed to afford the inmate due process of law or that the court departed from the essential requirements of the law." Sheley v. Fla. Parole Comm'n, 703 So. 2d 1202, 1206 (Fla. 1st DCA 1997). The First District further concluded that the circuit court "properly fulfilled its appellate

- 5 -

function in reviewing the sufficiency of the evidence supporting the Commission's administrative decision." Id. Sheley then sought review in this Court based on conflict with Johnson v. Florida Parole & Probation Commission, 543 So. 2d 875 (Fla. 4th DCA 1989), in which the Fourth District Court of Appeal held that an inmate could appeal a circuit court's denial of a mandamus petition challenging a decision by the FPC.

After explaining that Sheley "cite[d] no statute or rule that would provide authority for a second plenary appeal of a Parole Commission order in the district court, nor d[id] he advance any sound policy reason for formulating such a practice," Sheley, 720 So. 2d at 217, this Court approved the First District's decision and disapproved Johnson. Id. at 218. This Court held that "once an inmate has had a full review on the merits of a Parole Commission order in the circuit court, he or she is not entitled to a second plenary appeal of the order in the district court." Id. This Court also agreed with the First District's conclusion that Sheley had "been afforded extensive judicial review of his claim and ha[d] been deprived of no rights." Id.

In the instant case, the First District's opinion indicates that the district court did not limit its review to the legal issues of whether the circuit court provided due process and applied the correct law when ruling on Taylor's habeas petition. While the First District purported not to "direct the lower tribunal to enter any

- 6 -

particular order," the First District reached its decision by reviewing the merits of the FPC's decision to revoke Taylor's conditional release. Taylor, 75 So. 3d at 308. The First District granted Taylor's petition for a writ of certiorari based on the conclusion that "under the facts of this case as determined by the parole examiner, the Commission abused its discretion in revoking Petitioner's supervision, resulting in a miscarriage of justice." Id.

We resolve the current conflict by adhering to our decision in Sheley regarding the scope of a district court's second-tier certiorari review of a circuit court's order. We again conclude that second-tier certiorari relief should be granted only where the circuit court departed from the essential requirements of law and that departure resulted in a miscarriage of justice. A petitioner who has had appellate review of a decision by the FPC in the circuit court is not entitled to a second plenary appeal in the district court. Accordingly, the First District erred by reviewing the decision of the FPC to revoke Taylor's conditional release, rather than confining its review to the propriety of the circuit court's order.

In addition to exceeding the scope of second-tier certiorari review, the First District also erred by concluding that there had been a miscarriage of justice in Taylor's case. Second-tier certiorari is available only "to correct grievous errors that, for a variety of reasons, are not otherwise effectively subject to review." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010)

(quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 n.14 (Fla. 1995)). In its order, the circuit court did not address Taylor's argument that the FPC failed to state with particularity its reason for rejecting the parole examiner's recommended sanction. But even if the FPC's statement of its reasoning was insufficient, such a defect in the FPC's order is not a grievous error that constitutes a miscarriage of justice.

The Florida Statutes provide that once a willful violation is proven, the FPC has discretion to reject a parole examiner's recommended sanction. Section 947.141(4), Florida Statutes (2010), conditions the FPC's authority to reject a parole examiner's finding of fact or conclusion of law but grants the FPC discretion to "revoke conditional release, control release, conditional medical release, or addiction-recovery supervision and thereby return the releasee to prison to serve the sentence imposed, reinstate the original order granting the release, or enter such other order as it considers proper." Similarly, section 120.57(1)(*l*) provides that so long as the administrative agency reviews the complete record and "stat[es] with particularity its reasons," the agency may "reduce or increase" the penalty recommended by the hearing officer.

Florida case law likewise recognizes that the FPC has broad discretion to revoke conditional release. The First District has explained that a "willful violation of a substantial condition of parole or probation will justify revocation of

parole or probation," Mathis v. Fla. Parole Comm'n, 944 So. 2d 1182, 1183 (Fla. 1st DCA 2006), and distinguished the deference due to a parole examiner's finding of fact from the FPC's discretion regarding a parole examiner's "non-binding" recommendation to restore conditional release. Lopez v. Fla. Parole Comm'n, 943 So. 2d 199, 199 (Fla. 1st DCA 2006); see also Smith v. Fla. Parole Comm'n, 971 So. 2d 1028, 1028 (Fla. 1st DCA 2008) ("Petitioner asserts that the Parole Commission was bound by the hearing examiner's recommendation that he be reinstated to parole. This argument has been rejected by this court . . . ."); Miller v. Sec'y, Dep't of Corr., 8:07-CV-400-T-23EAJ, 2010 WL 2366935 at *3 (M.D. Fla. June 11, 2010) ("A hearing officer's finding of fact binds the parole commission, but a hearing officer's recommendation regarding revocation is not a binding fact." (internal citation omitted)).

Because the FPC's determination whether to revoke a conditional release is inherently discretionary, once a substantial, willful violation is established, the circuit court may not require the FPC to impose a particular sanction. "Th[e] court cannot substitute its judgment for that of an administrative agency, charged with implementing and enforcing its own statute, when that agency has imposed a penalty within the permissible range of penalties." Fernandez v. Dep't of Health, 120 So. 3d 117, 119 (Fla. 4th DCA 2013) (quoting Mendez v. Fla. Dep't of Health, 943 So. 2d 909, 911 (Fla. 1st DCA 2006)). Rather, under section 120.57(1)(*l*), if

an agency fails to set out the reasoning for its decision with sufficient particularity, the remedy is to quash and remand the case so that the agency has an opportunity to add the required statement of reasoning to its order. See, e.g., Hutson v. Casey, 484 So. 2d 1284, 1285 (Fla. 1st DCA 1986) ("We therefore remand this case to the School Board for the purpose of entering an amended order which complies with the requirements of [section 120.57(1)], assuming that the Board, on remand, chooses not to accept the hearing officer's recommended penalty."); Lusskin v. Dep't of Health, Bd. of Med., 820 So. 2d 424, 426 (Fla. 4th DCA 2002) ("The Board is imbued with the authority to accept or reject the hearing officer's penalty recommendation. . . . We reverse the order of the Board and remand the case for compliance with section 120.57(1)(*l*), Florida Statutes (2001).").

In Taylor's case, the FPC concluded that revocation was "for the best interest of society and the Conditional Releasee." Revocation of Conditional Release Order at 1. This statement was arguably sufficient to meet the requirement of section 120.57(1)(*l*) that the FPC "stat[e] with particularity its reasons" for rejecting the penalty recommended by the parole examiner. But even if this statement was insufficiently particular, Taylor has not shown that he has suffered a grievous injury. Taylor admitted that he violated his conditional release by using marijuana. As a result of that evidence of a willful and substantial violation, the FPC undeniably had an adequate basis to exercise its discretion to revoke Taylor's

- 10 -

conditional release. If the FPC's order did violate section 120.57(1)(*l*), the error could have been remedied by providing an opportunity for the FPC to supplement its order. Accordingly, the circuit court's denial of his habeas petition did not result in a miscarriage of justice.

## III. CONCLUSION

Based on the foregoing, we adhere to <u>Sheley</u>, quash <u>Taylor</u>, and remand this case for reinstatement of the circuit court's order that denied Taylor's petition for a writ of habeas corpus.

It is so ordered.

POLSTON, C.J., and PARIENTE, QUINCE, LABARGA, and PERRY, JJ., concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

First District – Case No. 1D11-2081

(Madison County)

Sarah J. Rumph, General Counsel, Florida Parole Commission, Tallahassee, Florida,

for Petitioner

Christopher M. Jones and Peter P. Sleasman, Florida Institutional Legal Services, Newberry, Florida,

for Respondent