# Third District Court of Appeal

**State of Florida**

Opinion filed October 28, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-416
Lower Tribunal Nos. 13-211 AC & B13-4139
_____

**Luis Lezcano,**
Petitioner,

vs.

**State of Florida,**
Respondent.

On Petition for Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Nushin G. Sayfie, Samantha Ruiz-Cohen, and Robert J. Luck, Judges.

Carlos J. Martinez, Public Defender, and Jeffrey P. DeSousa, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for respondent.

Before SUAREZ, C.J., and LAGOA and EMAS, JJ.

LAGOA, J.

The petitioner, Luis Lezcano ("Lezcano"), petitions for a writ of certiorari seeking to quash a decision of the appellate division of the circuit court affirming his conviction for indecent exposure. Because we find that the jurisdictional requirements necessary for granting a writ of certiorari have not been satisfied, we deny the petition.

Lezcano asserts that the circuit court departed from the essential requirements of the law when it affirmed the trial court's denial of his motion to strike potential juror James for cause. Although unnecessary to our conclusion to deny the petition, we note that in his appeal to the circuit court, Lezcano failed to address the issue of prejudice. See Conde v. State, 860 So. 2d 930, 941 (Fla. 2003) ("Where an appellant claims he was wrongfully forced to exhaust his peremptory challenges because the trial court erroneously denied a cause challenge, both error and prejudice must be established."). At trial, Lezcano's challenge for cause to potential juror Cuevas was denied. After Lezcano exhausted his peremptory challenges, he requested and was granted an additional peremptory. Lezcano used the additional peremptory to strike Cuevas. Lezcano then requested a second additional peremptory to strike James. That request was denied and James sat on the jury. The trial court's granting of the additional peremptory, in the absence of Lezcano demonstrating any error as to the denial of his challenge for cause to Cuevas, cured any prejudice to Lezcano. See Busby v. State, 894 So. 2d 88, 97 (Fla. 2004) ("A defendant cannot demonstrate prejudice if the trial court grants the

2

same number of additional peremptories as cause challenges that were erroneously denied."); see also Smith v. State, 28 So. 3d 838 (Fla. 2009) (finding harmless error where trial court erroneously denied two for-cause challenges and granted defendant three additional peremptory challenges). This issue was not preserved, however, as Lezcano failed to present the required argument to the circuit court.

Turning to the issue presented, we once again recognize that on second-tier certiorari review our "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)); accord Fla. Parole Comm'n v. Taylor, 132 So. 3d 780, 783 (Fla. 2014). Common-law certiorari relief is discretionary in nature, and "a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice." Custer, 62 So. 3d at 1092. To that end, the Supreme Court of Florida has made clear that certiorari cannot be used to correct the existence of mere legal error. See id. at 1093 ("[A] circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it, *although it may be erroneous in its conclusion* as to what the law is as applied to facts, is *not* a departure from the essential requirements of law remediable by certiorari."); Sutton v. State, 975 So. 2d 1073, 1081 (Fla. 2008)

3

("Due to its discretionary nature, a district court of appeal may refuse to grant certiorari relief even if there is legal error which could be argued to be a departure from the essential requirements of law." ); Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683 (Fla. 2000) (concluding that district court of appeal inappropriately exercised certiorari review where it merely disagreed with the circuit court's interpretation of the applicable law).

Given the narrow scope of this Court's certiorari review of an appellate decision of the circuit court, we find that the circuit court did not depart from the essential requirements of the law in its application of Matarranz v. State, 133 So. 3d 473 (Fla. 2013), when it affirmed Lezcano's conviction in the county court.[1] Accordingly, we deny the petition for writ of certiorari.

SUAREZ, C.J., concurs.

―――――――――――

[1] We take this opportunity to remind trial judges of the Supreme Court of Florida's statement in Matarranz that

> if there is basis for any reasonable doubt as to any juror's possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial, he should be excused on motion of a party, or by the court on its own motion.

133 So. 3d at 484 (quoting Singer v. State, 109 So. 2d 7, 23-24 (Fla. 1959)). See also Kopsho v. State, 959 So. 2d 168, 170 (Fla. 2007) ("A juror must be excused for cause if any reasonable doubt exists as to whether the juror possesses an impartial state of mind.").

EMAS, J., concurring in result.

I concur in denying the petition on the basis that petitioner in his direct appeal failed to raise or establish the claim he now asks us to consider on second-tier certiorari. As the majority notes, the trial court denied Lezcano's for-cause challenges of two prospective jurors: James and Cuevas. After Lezcano exhausted all of his peremptory challenges, he requested, and the trial court granted, one additional peremptory challenge, which Lezcano then utilized to strike Cuevas.

On direct appeal, Lezcano claimed he was entitled to a new trial because the trial court had erroneously denied Lezcano's for-cause challenge of James. No claim was raised, or argument made, regarding error in the trial court's denial of Lezcano's for-cause challenge of Cuevas. This failure was fatal because, given the trial court's granting of an additional peremptory challenge, Lezcano could prevail on his direct appeal only if he established that the trial court erred in denying Lezcano's for-cause challenge of both prospective jurors.

Overton v. State, 801 So. 2d 877 (Fla. 2001) is directly on point. In Overton, the trial court denied defendant's for-cause challenges of two prospective jurors—Russell and Heuslein. After exhausting all of his peremptory challenges, defendant requested and was granted one additional peremptory challenge. The Court explained the burden which must be met under these circumstances:

> [T]o prevail with this argument, Overton must establish that the trial court erred in denying the challenges for cause as to *both* Russell and Heuslein because the trial court did award the defense one additional

peremptory challenge, thereby replacing one of the peremptory challenges expended on either Russell or Heuslein. This issue could only constitute reversible error if we conclude that the trial court erred in denying the challenges as to both of these potential jurors. See, e.g., Watson v. State, 651 So.2d 1159, 1162 (Fla.1994) ("Since the trial judge gave Watson one additional peremptory challenge, he is not entitled to reversal unless both jurors were improperly excused."); Cook v. State, 542 So.2d 964, 969 (Fla.1989) ("Because the trial judge granted the appellant's motion for one additional challenge, appellant is entitled to have his conviction reversed only if he can show that the judge abused his discretion in refusing to excuse both jurors Sergio and Boan for cause.").

Id. at 889-90 (underscore emphasis added).

The instant case presents the identical situation. On appeal, Lezcano was therefore required to assert and establish that the trial court erred in denying the for-cause challenges as to both Cuevas and James.[2] By granting an additional peremptory challenge, the trial court "cured" any potential error as to one of the two jurors.[3] It may well be that the trial court was correct in denying the for-cause challenge as to James or as to Cuevas (or perhaps correct as to both). However, by limiting his claim to one challenging the trial court's failure to excuse James for cause, Lezcano is not entitled to relief because Lezcano could have utilized the

---

[2] The circuit court, in affirming, did not address this fatal flaw in Lezcano's appeal, and instead reached the merits of Lezcano's claim that the trial court erred in its denial of a for-cause challenge of James. Lezcano urges us to ignore his own failure to properly raise the issue on direct appeal and to correct what he characterizes as the circuit court's misapplication of the law. I would decline the invitation to address the merits given that the result reached by the circuit court was correct, even if it was arguably for the wrong reason. Lezcano cannot reasonably suggest that he should reap a benefit from his own failure to properly sow the very claim he now requests us to review.

[3] Had the trial court denied any additional peremptory challenge, Lezcano could prevail by establishing that the trial court erred in denying the for-cause challenge of either James or Cuevas.

6

additional peremptory challenge to strike James. Instead, Lezcano chose to use the additional peremptory challenge to strike Cuevas. Lezcano's decision to use this additional peremptory challenge to strike Cuevas (as opposed to James) is not determinative of what Lezcano must establish on appeal. By addressing only the court's denial of the for-cause challenge of James, Lezcano ignored the possibility (and the legal presumption) that the trial court properly denied the for-cause challenge of Cuevas, that Cuevas was qualified to serve as a juror, and that Lezcano should therefore have used the additional peremptory challenge to strike James (as opposed to Cuevas). By contrast, if on direct appeal Lezcano asserted and demonstrated that the trial court erred in denying both for-cause challenges, then the granting of one additional peremptory challenge would not cure the error; the erroneous denial of two for-cause challenges could only be cured by granting two additional peremptory challenges. Therefore, without asserting and establishing that the trial court's actions were erroneous as to both James and Cuevas, Lezcano failed to demonstrate reversible error and could not prevail on his direct appeal.

Because Lezcano failed to raise or properly establish this claim on appeal, I would deny the petition on this basis and would not reach the merits.

7