LAGOA, J.
The petitioner, Luis Lezcano (“Lezca-no”), petitions for a writ of certiorari seeking to quash a decision of the appellate division of the circuit court affirming his conviction for indecent exposure. Because we find that the jurisdictional requirements necessary for granting a writ of certiorari have not been satisfied, we deny the petition.
Lezcano asserts that the circuit court departed from the essential requirements of the law when it affirmed the trial court’s denial of his motion to strike potential juror James for cause. Although unnecessary to our conclusion to deny the petition, we note that in his appeal to the circuit court, Lezcano failed to address the issue of prejudice. See Conde v. State, 860 So.2d 930, 941 (Fla.2003) (“Where an appellant claims he was wrongfully forced to exhaust his peremptory challenges because the trial court erroneously denied a cause challenge, both error and prejudice must be established.”). At trial, Lezcano’s challenge, for cause to potential juror Cuevas was denied. After Lezcano exhausted his peremptory challenges, he requested and was granted an additional peremptory. Lezcano used the additional peremptory to strike Cuevas. Lezcano then requested a second additional peremptory to strike James. That request was denied and James sat on the jury. The trial court’s granting of the additional peremptory, in the absence of Lezcano demonstrating any error as to the denial of his challenge for cause to Cuevas, cured any prejudice to Lezcano. See Busby v. State, 894 So.2d 88, 97 (Fla.2004) (“A defendant cannot demonstrate prejudice if the trial court grants the same number of additional per-emptories as cause challenges that were erroneously denied.”); see also Smith v. State, 28 So.3d 838 (Fla.2009) (finding harmless error where trial court erroneously denied two for-cause challenges and granted defendant three additional peremptory challenges). This issue was not preserved, however, as Lezcano failed to present the required argument to the circuit court.
*1026 Turning to the issue presented, we once again recognize that on second-' tier certiorari review our “ ‘inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,’ or, as otherwise stated, departed from the essential requirements of law.” Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)); accord Fla. Parole Comm’n v. Taylor, 132 So.3d 780, 783 (Fla.2014). Common-law certiorari relief is discretionary in nature, and “a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.” Custer, 62 So.3d at 1092. To that end, the Supreme Court of Florida has made clear that cer-tiorari cannot be used to correct the existence of mere legal error. See id. at 1093 (“[A] circuit court appellate decision made according to the forms of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to facts, is not a departure from the essential requirements of law remediable by certiorari.”); Sutton v. State, 975 So.2d 1073, 1081 (Fla.2008) (“Due to its discretionary nature, a district court of appeal may refuse to grant certio-rari relief even if there is legal error which could be argued to be a departure from the essential requirements of law.”); Ivey v. Allstate Ins. Co., 774 So.2d 679, 683 (Fla.2000) (concluding that district court of appeal inappropriately exercised certiorari review where it merely disagreed with the circuit court’s interpretation of the applicable law).
Given the narrow scope of this Court’s certiorari review of an appellate decision of the circuit court, we find that the circuit court did not depart from the essential requirements of the law in its application of Matarranz v. State, 133 So.3d 473 (Fla.2013), when it affirmed Lezcano’s conviction in the county court.[1] Accordingly,' we deny the petition for writ of certiorari.
SUAREZ, C.J., concurs.

. We take this opportunity to remind trial judges of the Supreme Court of Florida’s statement in Matarranz that
if there is basis for any reasonable doubt as to any juror’s possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial, he should be excused on motion of a party, or by the court on its own motion.
133 So.3d at 484 (quoting Singer v. State, 109 So.2d 7, 23-24 (Fla.1959)). See also Kopsho v. State, 959 So.2d 168, 170 (Fla.2007) (“A juror must be excused for cause if any reasonable doubt exists as to whether the juror possesses an impartial state of mind.”).