IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

400 EAST BAY STREET, LLC, a
Virginia limited liability company,
and CUTHRELL & KLOEPPEL
PROPERTIES, LLC, a Virginia
limited liability company,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5553

  Petitioners,

v.

THE PLAZA CONDOMINIUM
ASSOCIATION AT BERKMAN
PLAZA, INC., a Florida not-for-
profit corporation,

  Respondent.

_____/

Opinion filed December 1, 2015.

Certiorari – Original Jurisdiction.

Wm. J. Sheppard, Bryan E. DeMaggio, Matthew R. Kachergus and Amanda J.
Woods of Sheppard, White, Kachergus & DeMaggio, P.A., Jacksonville, for
Petitioners.

Suzanne C. Quiñónez, P.A., Middleburg, for Respondent.


PER CURIAM.

  In this second-tier certiorari action, condominium owners 400 East Bay Street,

LLC., and Cuthrell & Kloeppel Properties, LLC., (collectively the Owners) filed a

petition for writ of certiorari in this Court, claiming error by the circuit judge acting in

his appellate capacity. In order to be granted relief in second-tier certiorari, the petitioners/Owners must show that the circuit court did not afford procedural due process and did not observe the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995); State v. Bolware, 999 So. 2d 660, 661 (Fla. 1st DCA 2003). Certiorari review of a circuit court's appellate decision is narrow and must not be utilized as a means of obtaining a second appeal. Heggs, 658 So. 2d at 529 (quoting Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1983)). The Florida Supreme Court has recently reiterated, in no uncertain terms, that second-tier certiorari review is to be granted on a very limited basis. Florida Parole Comm'n v. Taylor, 132 So. 3d 780 (Fla. 2014). That is, a grant of second-tier certiorari review requires "a departure from the essential requirement of law *resulting in a miscarriage of justice*." Id. at 783 (citation omitted).

We find that the circuit court afforded the Owners due process and did not depart from the essential requirements of law in reviewing the decision of the county court. Therefore, the standards for second-tier certiorari are not met here.

DENIED.

SWANSON and BILBREY, JJ., CONCUR, MAKAR, J., CONCURS WITH WRITTEN OPINION.

2

MAKAR, J., concurs with opinion.

The appellate opinion of the circuit court is sustainable in light of the high bar that second-tier certiorari review sets, and for that reason I concur in the majority opinion. As to the accord and satisfaction issue, I write to note that the county court's factual finding (affirmed by the circuit court) that the Owners did not act in good faith is supportable only if based on the actions of the Owners overall vis-à-vis the Association; making payments to a "lockbox" as a means of obtaining an accord and satisfaction of the parties' disputes, if standing alone, would appear to be insufficient for such a finding.