PER CURIAM.
In this second-tier certiorari action, condominium owners 400 East Bay Street, LLC., and C.uthrell & Kloeppel Properties, LLC., (collectively the .Owners) filed a petition for writ of certiorari in this -Court, claiming error by the circuit judge acting in his appellate capacity. In order to be granted relief in second-tier certiorari, the petitioners/Owners must show that .the circuit court did not afford procedural due process and did not observe the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); State v. Bolware, 999 So.2d 660, 661 (Fla. 1st DCA 2003). Certiorari review of a circuit court’s appellate decision is narrow and must not be utilized as a means of obtaining a second appeal. Heggs, 658 So.2d at 529 (quoting Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)). The Florida Supreme Court has recently reiterated, in no uncertain terms, that second-tier certiorari review is to be granted on a very limited basis. Florida Parole Comm’n v. Taylor, 132 So.3d 780 (Fla.2014). That is, a grant of second-tier cer-tiorari review requires “a departure from the essential requirement of law resulting in a miscarriage of justice.” Id. at 783 (citation omitted).
We find that the circuit court afforded the Owners due process and did not depart from the essential requirements of law in reviewing the decision of the county court. Therefore, the standards for second-tier certiorari are not met here.
DENIED.
SWANSON and BILBREY, JJ., concur.
MAKAR, J., Concurs With Written Opinion.