IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JUAN CAMPOS,

      Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF
CORRECTIONS,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5583

_____/

Opinion filed December 4, 2015.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Juan Campos, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Susan A. Maher, Chief Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

      AFFIRMED.

WOLF and KELSEY, JJ., CONCUR; THOMAS, J., SPECIALLY
CONCURRING WITH OPINION

THOMAS, J., Specially Concurring.

I concur but write to note that our case law allowing state prisoners to seek certiorari review in this court to challenge prison-disciplinary actions should be reconsidered. In Florida, inmates receive adequate due process in the Department of Corrections' institutional procedures and then further judicial review in the circuit court to challenge disciplinary procedures. This is all that is required under the federal constitution. Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (liberty interests of inmates protected by due process clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nevertheless imposes **atypical and significant** hardship on the inmate in relation to the ordinary incidents of prison life") (emphasis added; citations omitted)); Wolff v. McDonnell, 418 U.S. 539 (1974) (inmates entitled to advance written notice of the disciplinary charge; an opportunity to call witnesses and present documentary evidence; and a written statement of the evidence relied on in reasons for the disciplinary action). To allow a second level of judicial review in this court of the inherently executive functions of maintaining prison discipline is without rational and legal justification in my view.

An inmate like Petitioner is entitled to an opportunity to be heard and present evidence during a hearing panel at the institution, further review by the

2

institution's warden, further review by the Secretary of the Department of Corrections, and finally, mandamus review by a circuit court. Id.; Plymel v. Moore, 770 So. 2d 242 (Fla. 1st DCA 2000). Under Plymel, the inmate is then entitled to seek extraordinary relief in this court by certiorari review. Thus, a state prison inmate is allowed **five** layers of review of a prison-disciplinary action. Four layers of review would be more than constitutionally adequate to ensure the Department's actions are proper under Wolff and Sandin.

The Florida Supreme Court has held that certiorari review in this court is extremely limited, to wit: whether the circuit court, acting in its appellate capacity, provided procedural due process and whether the circuit court applied the correct law. Fla. Parole Comm'n v. Taylor, 132 So. 3d 780, 783 (Fla. 2014). Even this narrow review, however, is unnecessary and wasteful of judicial resources where prison-disciplinary issues are raised.

It is rational and appropriate to allow such review of a decision, like in Taylor, where a **released inmate** serving a conditional sentence subject to revocation was returned to prison. Id.; Morrissey v. Brewer, 408 U.S. 471 (1972). But in a challenge to a prison disciplinary action, such as this, the United States Supreme Court has properly recognized that states have broad latitude to protect prison safety and institutional control should not engender certiorari review. Further, appellate courts do not possess unlimited resources to engage in

3

unnecessary and duplicative review of a circuit court decision, which further imposes burdens on the executive branch to respond to meritless claims by inmates challenging their previous four levels of review of a disciplinary action.

The executive branch and the circuit court can fulfill their duty to ensure that a prison disciplinary decision was fair and based on "some evidence" of guilt to support a guilty finding. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454-55 (1985); Cason v. McDonough, 943 So. 2d 861 (Fla. 1st DCA 2006) (quoting Dugger v. Grant, 610 So. 2d 428, 432 (Fla. 1992)).

Nothing in the decisions of the United States Supreme Court or the Florida Supreme Court requires the district courts of appeal to allow judicial review by extraordinary relief of circuit court decisions reviewing executive branch prison disciplinary actions. This Court should consider whether its prior case law allowing prisoners to obtain certiorari review of prison disciplinary actions is grounded in law and a rational allocation of the court's limited judicial resources.